[Civ. No. 24482.  Second Dist., Div. Two.  July 15, 1960.]

LAURA LEE HENRY, Appellant, v. WILLIAM ADDISON HENRY, Respondent.

---

*Assigned by Chairman of Judicial Council.

Svenson & Garvin and Harold W. Svenson for Appellant.

No appearance for Respondent.

ASHBURN, J.—Appeal from order allowing defendant-husband's claim of exemption of his wages from an execution based upon allowance of court costs and attorney's fee in his wife's divorce action. By order of September 24, 1956, the court directed defendant to pay $62.50 per week for support of plaintiff and the four children of the marriage; also: "The defendant is ordered to pay direct to attorney for plaintiff the sum of $250 attorney's fees and $50 court costs, payable $30 per month, on the 15th day of each month, first payment October 15, 1956." Execution having issued on September 14, 1959, for an unpaid balance of $186.54 owing upon the attorney fee, defendant filed under section 690.11, Code of Civil Procedure,[1] a claim of exemption of his earnings for personal services rendered within 30 days next preceding levy of said execution. A hearing was had upon said claim and affidavits filed in opposition, resulting in said order allowing the claim of exemption.

Respondent has filed no brief and the cause is submitted pursuant to rule 17(b) of Rules on Appeal.

Appellant's claim is that an award of an attorney's fee in a divorce proceeding partakes of the nature of an alimony award, being for the support of the wife, and is equally im-

---

[1]Code Civ. Proc., § 690.11: "One-half of the earnings of the defendant or judgment debtor received for his personal services rendered at any time within 30 days next preceding the levy of attachment or execution shall be exempt from execution or attachment without filing a claim for exemption as provided in Section 690.26.

"All of such earnings, if necessary for the use of the debtor's family, residing in this State, and supported in whole or in part by such debtor unless the debts are: (a) incurred by such debtor, his wife or family, for the common necessaries of life; or, (b) incurred for personal services rendered by any employee, or former employee, of such debtor."

pervious to the exemption statute. ■ The settled rule of this state with respect to an alimony award is stated in *Bruton* v. *Tearle*, 7 Cal.2d 48, 57 [59 P.2d 953, 106 A.L.R. 580] : "We have shown that the judgment against defendant is a judgment for alimony. One of the characteristics of such a judgment is that as against said judgment the judgment debtor's earnings are not exempt from execution. (*Willen* v. *Willen*, 121 Cal. App. 351, 354 [8 P.2d 942] ; *Winter* v. *Winter*, 95 Neb. 335 [145 N.W. 709, 50 L.R.A. N.S. 697] ; *Fanchier* v. *Gammill*, 148 Miss. 723, 738 [114 So. 813] ; *Anderson* v. *Norvell-Shapleigh Hardware Co.*, 134 Mo.App. 188 [113 S.W. 733] ; 2 Schouler, Marriage, Divorce, Separation and Domestic Relations, 6th ed., pp. 1939, 1940.) " The court immediately added : "Not only are the earnings of the judgment debtor under an alimony judgment liable for the payment thereof, but the means of enforcement of such a judgment are different and more effective than those applicable to the enforcement of an ordinary money judgment. One of such means frequently resorted to by the courts for the enforcement of an alimony judgment, which is not applicable to other judgments, is by proceeding in contempt upon the failure of the judgment debtor to comply with the decree. In the case of *Fanchier* v. *Gammill*, *supra*, the court points out the difference between an ordinary judgment for money or property and a judgment for alimony, and the reasons why more effective means may be resorted to by the courts in the enforcement of the latter class of judgments. In that case the court said : 'A judgment or decree for alimony carries with it a special power and right of enforcement not given in judgments at law. There is a difference between a judgment for money or property and that of a decree for alimony ; and the decree for alimony, because of such difference in the character of the obligation, may be enforced by more efficient and effective means than those given to the enforcement of judgments at law.' "

*Rankins* v. *Rankins*, 52 Cal.App.2d 231 [126 P.2d 125], involved the exemption claim of a defendant-husband who had remarried and claimed his wages were necessary for the support of a new family. Parenthetically, it is to be noted that no such factual situation is presented at bar ; it does not appear that defendant has remarried and his claim of exemption says his earnings "are necessary for the use of said defendant's family consisting of said defendant and his four children," apparently the ones embraced in the above men-

tioned support order. In Rankins the Bruton-Tearle rule is recognized and the court, dealing with the problem of two families, says at page 234: "It seems clear, therefore, that under the established decisions of this state defendant is not entitled to the exemption of this statute as against execution in the present proceeding. However, it must be remembered that this policy is established by judicial interpretation and not by specific statutory provision. In the case of *Yager* v. *Yager, supra,* 7 Cal.2d 213, 220 [60 P.2d 422, 106 A.L.R. 664], we find this expression by the Supreme Court, referring to Code of Civil Procedure section 690.11: 'Within the meaning of this provision it may be said that the divorced wife and minor child of the first marriage, for whose support the husband has been ordered to pay a fixed sum, are in a sense members of his family entitled to participate with his second family in his earnings, and that the husband should not be permitted to urge the execution exemption against them. Our decision in *Bruton* v. *Tearle, supra* [7 Cal.2d 48], expressly recognizes that in providing for the collection of the husband's future earnings by a receiver and their application to the delinquent alimony, the court would have power to direct the receiver to pay to the husband an amount necessary for his personal support. In such supplementary proceedings in the divorce action the court should have power to make an equitable division of the husband's earnings between his first wife and the children of that marriage, if any, on the one hand, and himself and his second wife and family on the other.' This would seem to be a necessary limitation upon the policy established by the hereinabove quoted decisions, when the policy of the state as indicated by the exemption statute is considered in conjunction with the equally established policy of requiring support of minors. Obviously the husband cannot be deprived of the means of livelihood, even for the most solemn obligation to others. He cannot earn without eating. Equally, the second family, which is authorized by our laws, is entitled to support. The proper solution of this problem is that given by the Supreme Court in *Yager* v. *Yager, supra.* Unless there has been an abuse of discretion by the trial court in making such equitable division such action may not be disturbed on appeal."

In *Remondino* v. *Remondino,* 41 Cal.App.2d 208 [106 P.2d 437], it is held that an alimony award is not dischargeable in bankruptcy. At page 214: "If, upon a consideration of the entire transaction the court determines that the purpose of the judgment for support money is to guarantee the economic

safety of the wife by the husband, then his discharge in bankruptcy does not affect his liability under the judgment.''

The attorney fee award now under discussion was made as a part of the same order which awarded support for the wife and children. Though it runs in favor of the attorney, that fact does not alter its character as an award to enable the wife to establish her rights, as to support and otherwise, against the husband. See *Weil* v. *Superior Court,* 97 Cal.App. 2d 373, 376 [217 P.2d 975]. In *Marshank* v. *Superior Court,* 180 Cal.App.2d 602, 606 [4 Cal.Rptr. 593], we quoted the Weil case as follows: '' 'The attorney's right to the amount allowed for counsel fees for his services rendered to a wife is no more proprietary and direct by virtue of section 137.5 of the Civil Code than before its enactment. That section provides that when attorney's fees are allowed they may, in the discretion of the court, be made payable in whole or in part to the attorney. Notwithstanding the fees may be made payable to the attorney, they are granted to the wife for her benefit and are not awarded to her attorney. . . . A wife's attorney has no separate equity in counsel fees awarded to her. His right thereto is derived from his client.' '' At page 607: '' 'When the court had no option but to order the attorney's fees paid to the wife, should she have failed to pay the money to her attorney after she had received it he would be deprived of his compensation. Section 137.5 corrected this injustice by providing for payment directly to the attorney, but the fee still is allowed to and for the benefit of the wife and the attorney's rights are not enlarged by that section.' (*Weil* v. *Superior Court, supra,* pp. 376, 377; see *Di Grandi* v. *Di Grandi,* 102 Cal.App.2d 442, 443 [227 P.2d 841]; *Schwartz* v. *Schwartz,* 173 Cal.App.2d 455, 457 [343 P.2d 299].) ''

An award of an attorney fee to a plaintiff-wife is an adjudication of her need of such support in order to litigate with her husband upon an equal basis. Without the attorney fee the wife in most cases can obtain no support money or no adequate support; the services of the attorney are indispensable. Volume 17, American Jurisprudence, section 632, page 707: ''Such allowances have their origin in the fact that they are absolutely essential to the proper assertion of the marital rights of the wife which she might otherwise be entitled to but is without the means of enforcing and securing a remedy for their violation. Her right to have suit money allowed for the purpose of enabling her to protect the rights to which she is

entitled as a spouse exists notwithstanding the sum awarded ultimately belongs, not to her, but to her attorney.''

An annotation entitled ''Exemption—Claim for Alimony'' found in 54 A.L.R.2d 1422, 1424, says: ''The basis of alimony is usually considered to be the natural obligation of a husband to support his wife and children, and the purpose of the exemption laws is almost universally considered to be to protect the unfortunate debtor and save him a means of supporting his family.

''Applying these broad principles, the courts have generally held that statutes exempting property from legal process in the enforcement of a claim for debt, or debt arising from a contractual relationship, are not applicable against a claim for alimony or support, since such a claim is not a debt and an award of alimony does not create a debtor-creditor relationship between husband and wife.''

Concerning the question immediately at hand, it says at pages 1425-1426: ''There is a conflict of authority on the question whether an award of attorneys' fees or costs in a divorce action or a similar proceeding constitutes an exception to the exemption statutes in the same manner as an award of alimony or support. According to one line of authorities, such an award may be enforced against the exempt property of the husband. . . .

''On the other hand, there is authority to the effect that attorneys' fees and costs awarded a wife in a divorce action are not on the same footing as an award for support or alimony and cannot be enforced against exempt property.''

Cited in support of the last statement is *Lentfoehr* v. *Lentfoehr,* 134 Cal.App.2d Supp. 905 [286 P.2d 1019], which does inferentially so hold, but the majority opinion concerns itself with the construction of section 690.11, and its phrase, ''common necessaries of life,'' concluding that an attorney's fee in a divorce suit does not fall in that category. The larger question of public policy which finds expression in *Bruton* v. *Tearle, supra,* 7 Cal.2d 48, and similar cases cited, was not discussed in said prevailing opinion. Judge Swain, dissenting, invokes the doctrine of *Bruton* v. *Tearle, supra,* and says at page 909: ''It is true, that case dealt with a judgment for alimony, and we have here a judgment for attorney's fees and costs, and defendant argues that this is not alimony. But it appears to me that the reasons which led to the decision are equally applicable to both sorts of judgments. ▪▪▪ Money awarded a wife to pay her attorney fee in a divorce case is as

much for her support as money for a doctor's fee or a grocery bill." We are persuaded that this is the sound view.

*In re Brennen* (D.C.N.Y.), 39 F.Supp. 1022, 1023, considering the dischargeability in bankruptcy of counsel fees such as here considered, says: "It is the contention of the bankrupt that an attorney has no greater rights or privileges than a tradesman or any other creditor so far as the exceptions to dischargeability are concerned. This theory seems untenable. Nothing can be found by either attorney or the Court for authority directly with it.

"Counsel fees granted in a matrimonial matter are not a debt dischargeable in bankruptcy. The New York State Statute, Article 70, Civil Practice Act, Section 1169 (Gilbert and Bliss, Volume 6, page 115), permitting counsel fees to a wife in a matrimonial action, intends that she be properly defended; and for that defense, the statute provides that the husband may be made to pay this fee; and for his failure to do so, he is amenable to a motion to punish him for contempt of Court and jailed. To discharge the debt in bankruptcy would deprive the wife of the benefits of the State statute, and nullify the effect of the statute."

We conclude that sound policy demands and that the precedents authorize issuance of an execution upon an award of attorney fees in a divorce action and collection of same from the husband's wages without recognition of a claim for exemption under section 690.11, Code of Civil Procedure.

Order allowing exemption reversed.

Fox, P. J., and Richards, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.