495 P.2d 154

**Gilda Patricia BICKEL, Appellant,**

v.

**Robert H. BICKEL, Appellee.**

**No. I CA–CIV 1714.**

Court of Appeals of Arizona,
Division 1.

March 30, 1972.

Rehearing Denied April 21, 1972.

Review Denied June 20, 1972.

Sheldon Mitchell, Phoenix, for appellant.

Kenneth M. Arrick, Phoenix, for appellee.

KRUCKER, Chief Judge.

Plaintiff-appellant brought an action for divorce. A judgment and decree of divorce were granted to the plaintiff against the defendant on October 17, 1969. Pursuant to said decree, defendant was ordered to pay directly to the plaintiff's attorney $3,530.40 for attorney's fees and costs and as security therefor plaintiff's attorney was awarded a lien in said amount upon the community residence of the parties awarded to the defendant under the decree of divorce.

Some seven months later, on April 15, 1970, as a result of a show cause hearing, due to the defendant's failure to pay the attorney's fees and costs as ordered, plaintiff's attorney was awarded a judgment against the defendant for $3,530.40. In aid of said judgment, on April 17, 1970, a Special Execution was issued to the Sheriff of Maricopa County, Arizona, directing the sale of the residence awarded to the defendant upon which the plaintiff's attorney had been awarded a lien under the divorce decree itself.

Thereafter, a properly noticed Sheriff's Sale was set for the 21st day of May, 1970. At said sale, plaintiff's attorney purchased the property for the amount of the judgment, plus costs and accrued interest. A Sheriff's Certificate of Sale on Foreclosure was given to the attorney as evidence of his purchase. A Sheriff's Deed was later issued for said property to him on December 22, 1970, and was recorded on December 31, 1970.

On January 5, 1971, a Writ of Assistance was issued to the Maricopa County Sheriff, which was obtained on petition of plaintiff's attorney to effectuate the removal of the defendant from the premises.

On January 18, 1971, the defendant obtained a temporary restraining order based upon his verified petition wherein the plaintiff and/or her attorney were restrained from removing the defendant from the premises.

Defendant had filed a Declaration of Homestead on December 1, 1969, almost two months after the entry of the decree of divorce. It purported to cover the property awarded to the defendant in the decree and upon which the plaintiff's attorney had been given a lien to secure the attorney's fees and costs awarded to him pursuant to the divorce decree.

On February 4, 1971, after a hearing, the Court entered an order permanently enjoining the plaintiff and/or her attorney from obtaining possession of the premises.

It is from this order that plaintiff appeals.

## QUESTIONS ON APPEAL

1. Was the defendant entitled to declare a homestead, and

2. Does a homestead declaration exempt from execution and sale the property upon which a lien was granted in the divorce decree to secure payment of the wife's attorney's fees?

Pursuant to A.R.S. § 25–371, the trial court ordered the defendant-appellee to pay his wife's attorney's fees and made them payable directly to the attorney. The statute further provides that:

"Any such order may be enforced by the court in the same manner as an order made on behalf of any party to the action."

We will assure, *arguendo*, that defendant was entitled to declare a homestead since we believe that the answer to the second question is dispositive of this appeal.

We find no Arizona cases directly in point, but believe a California decision to be very persuasive. The California court in Henry v. Henry, 182 Cal.App.2d 707, 6 Cal.Rptr. 418 (1960), offers a good discussion of the nature of the attorney fee award, pursuant to statutes very similar to Arizona's, and holds that the husband's *wages* may not be exempt from a judgment for attorney's fees. We agree that attorney's fees are as much for the wife's support as payments made directly to her and

the wage exemption statute, 690.11, California Code of Civil Procedure, has a similar purpose to Arizona's homestead exemption statute, with the wage statute intending to protect the debtor or his family.

■ The court in *Henry* pointed out the difference between a judgment for money or property and that of a decree for alimony. One of the characteristics of a judgment for alimony is that as against such judgment the judgment debtor's earnings are not exempt from execution. Bruton v. Tearle, 7 Cal.2d 48, 59 P.2d 953 (1936). In *Henry* the court rejected the defendant's claim that his earnings were "necessary for the use of said defendant's family consisting of said defendant and his four children."

The *Henry* court included this discussion of the attorney fee award:

"The attorney fee award now under discussion was made as a part of the same order which awarded support for the wife and children. Though it runs in favor of the attorney, that fact does not alter its character as an award to enable the wife to establish her rights, as to support and otherwise, against the husband. See, Weil v. Superior Court, 97 Cal.App.2d 373, 376, 217 P.2d 975. In Marshank v. Superior Court, 180 Cal. App.2d 602, 4 Cal.Rptr. 593, 595, we quoted the Weil case as follows: 'The attorney's right to the amount allowed for counsel fees for his services rendered to a wife is no more proprietary and direct by virtue of section 137.5 of the Civil Code than before its enactment. That section provides that when attorney's fees are allowed they may, in the discretion of the court, be made payable in whole or in part to the attorney. Notwithstanding the fees may be made payable to the attorney, they are granted to the wife for her benefit and are not awarded to her attorney. * * * A wife's attorney has no separate equity in counsel fees awarded to her. His right thereto is derived from his client.'"

\*     \*     \*     \*     \*     \*

"An award of an attorney fee to a plaintiff-wife is an adjudication of her need of such support in order to litigate with her husband upon an equal basis. Without the attorney fee the wife in most cases can obtain no support money or no adequate support; the services of the attorney are indispensable." 6 Cal. Rptr. at 421.

The principle of alimony and the reasons why exemption statutes are considered inapplicable thereto are discussed in the annotation in 54 A.L.R.2d 1422, 1424, entitled "Exemption—Claim for Alimony."

"The basis of alimony is usually considered to be the natural obligation of a husband to support his wife and children and the purpose of the exemption laws is almost universally considered to be to protect the unfortunate debtor and save him a means of supporting his family. (Footnote omitted)

Applying these broad principles, the courts have generally held that statutes exempting property from legal process in the enforcement of a claim for debt, or debt arising from a contractual relationship, are not applicable against a claim for alimony or support, since such a claim is not a debt and an award of alimony does not create a debtor-creditor relationship between husband and wife."

Since the attorney's fees were here awarded as part of the same decree awarding support for the wife and children, and since we believe such fee is as much support as any payments directly to the wife, we conclude that the property here in question may not be held exempt from what is essentially a claim for support. The Sheriff's Sale was proper and the permanent injunction should not have been granted.

The order granting a permanent injunction is reversed and the case remanded for proceedings consistent with this opinion.

HATHAWAY and HOWARD, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.