518 P.2d 1001

Inez Bettee FOX, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA and the Honorable Williby E. Case, Jr., a judge thereof, Respondents;

Harold William FOX, Respondent—Real Party in Interest.

No. 1 CA–CIV 2616.

Court of Appeals of Arizona, Division 1, Department A.

Feb. 13, 1974.

Flynn, Kimerer, Thinnes & Galbraith by Michael D. Kimerer and Clark L. Derrick, Phoenix, for petitioner.

Daughton, Feinstein & Wilson by Donald Daughton, Phoenix, for respondent real party in interest.

OPINION

STEVENS, Judge.

The scope of the issues in this matter is very limited.

Inez Bettee Fox, the petitioner herein, will be referred to as the wife. Harold William Fox, the respondent-real party in interest herein, will be referred to as the husband. The Honorable Williby E. Case, Jr., a Judge of the Superior Court, will be referred to as the Respondent Judge.

Prior to 8 August 1973 the wife, as plaintiff, filed an action for divorce under the then existing statutes of the State of Arizona. Also prior to that date the husband filed his answer and counterclaim.

In 1973 the Arizona Legislature adopted Chapter 139 which became effective on 8 August 1973. The title of the chapter, in part, recites:

"An act relating to marital and domestic relations; providing for dissolution of marriage; prescribing procedures, grounds and rights of parties; * * *."

The legislative enactment made extensive revisions to the law in the field of domestic relations and by its express terms repealed numerous code sections in the same field.

Prior to the trial of the cause on its merits and in December 1973 the husband filed a motion based upon Chapter 139, Laws of 1973. The motion, in part, recited:

"Plaintiff's complaint and defendant's counterclaim each allege that the other party has been guilty of excesses, cruel treatment and outrages. To conform with the present law, both the complaint and counterclaim should be amended to conform with the new § 25–312(3) A.R. S. that the marriage is irretrievably broken."

This motion was resisted and on 2 January 1974 the Respondent Judge granted the motion. The 2 January 1974 order is the subject of this special action. The effect of the order is that in the presentation of the issues between the husband and the wife the issue of fault will not be relevant in the termination of the marriage. We are informed that we are not concerned with issues relating to child custody. Because this matter is of state-wide concern, we assumed jurisdiction.

Article 2 of Chapter 139 is entitled "dissolution of marriage." This article is silent as to whether the sections therein contained apply to pending divorce actions or is prospective so that it would only apply to petitions for dissolution filed after 8 August 1973. The wife cites A.R.S. § 1–244[1] and urges that the Respondent Judge abused his judicial discretion so as to deprive her of a vested right to maintain the cause of action which she properly pleaded in her pre-8 August 1973 complaint. We do not agree.

In our opinion the cases of Schuster v. Schuster, 42 Ariz. 190, 23 P.2d 559 (1933); Silvers v. Silvers, 23 Cal.App.3d 910, 100 Cal.Rptr. 731 (1972); and In Re Marriage of Walton, 28 Cal.App.3d 108, 104 Cal. Rptr. 472 (1972), are persuasive in support of the questioned order.

The prayer for special action relief is denied.

DONOFRIO, P. J., and OGG, J., concur.

---

1. "No statute is retroactive unless expressly declared therein." Section 1–244.