523 P.2d 515

Carol Ann JOHNSON, Appellant,

v.

Don F. JOHNSON, Appellee.

No. 1 CA–CIV 2143.

Court of Appeals of Arizona,
Division 1,
Department A.

June 20, 1974.

Renaud, Cook, Miller & Cordova, P. A., by Bradley J. Walsh, Phoenix, for appellant.

Udall, Shumway & Blackhurst, by Dennis P. Blackhurst, Mesa, for appellee.

OPINION

STEVENS, Judge.

Carol Ann Johnson, the appellant, herein referred to as the wife, was the defendant in the Superior Court in a divorce action filed by Don F. Johnson, the appellee, herein referred to as the husband. On 23 November 1970 the husband was granted a decree of divorce. In the decree certain business properties were awarded to the wife. The decree further provided:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in lieu of a further division of community property and in settlement of the community property rights and equities of the parties, the plaintiff, DON F. JOHNSON, shall pay to the defendant-counterclaimant the sum of $5,000.00, payable in installments of not less than $100.00 per month, said payments to commence November 1st, 1970.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff-counterdefendant pay to the defendant-counterclaimant's attorney direct the sum of $500.00 as a reasonable attorney's fee."

It is asserted in the Court of Appeals that the husband received a net of $17,144.07 in compensation for personal injuries sustained by him during the marriage. This recovery was community property. All of the money was disbursed by him prior to the entry of the decree of divorce. A portion thereof was used to pay community debts and the major portion thereof was used to pay his separate obligations. The trial court resolved the wife's entitlement in the recovery to be $5,000.00 and no appeal was taken from this trial court decision.

Some months later, no portion of either sum having been paid, the wife caused the husband to be cited for contempt. The position of the wife can be stated by quoting from her trial court memorandum as follows:

"This matter was a contested divorce suit wherein the issues involved were extremely narrow. There were no children born as issue of the marriage, and the issue of permanent support or alimony was not involved in the case.

The only contested matter which was resolved at the trial was the equitable division of the community property rights and obligations of the parties. The major item of community property of the parties was the sum of $17,144.07, which sum represented the net recovery to the plaintiff for personal injuries suffered as a result of an automobile accident during the marriage of the parties."

The trial court ruled as follows:

"This matter has been under advisement. The Court finds that the remedy of contempt of Court is not available to the defendant, either in respect to payments ordered in settlement of property rights or to payments and fees which are not required to be paid pendente lite. Accordingly,

IT IS ORDERED dismissing the show cause proceedings."

and this appeal was perfected from that ruling.

### The $5,000.00

■ It is clear that the $5,000.00 is not a *res,* the possession of which can be enforced by a court order. Profitt v. Profitt, 105 Ariz. 222, 462 P.2d 391 (1969). It is not support or alimony, as the wife concedes in her trial court memorandum quoted above. It is merely a money judgment.

As such the payment thereof cannot be enforced by contempt. Profitt, supra, and Stone v. Stidham, 96 Ariz. 235, 393 P.2d 923 (1964). This portion of the trial court's order is affirmed.

### ATTORNEYS' FEES

Effective 8 August 1973, the statutory provisions with reference to domestic relations was extensively revised. We commented on one phase of the revision in Fox v. Superior Court, 21 Ariz.App. 284, 518 P.2d 1001 (1974).

The matter here under consideration is covered by the Arizona law prior to 8 August 1973 and all references herein to the Arizona Revised Statutes will be to sections as they existed prior to that date, unless otherwise expressly stated.

There were two code sections relating to attorney's fees. A.R.S. § 25–315 [1] covered situations before the final decree, and A.R.S. § 25–371 which reads as follows:

"§ 25–371. Order to pay attorney's fees
Whenever the court in any action for annulment, divorce, separate maintenance, or for the support, maintenance and education of children, orders one of the parties to pay attorney's fees for the benefit of the other for the prosecution or defense of the action, as the case may be, such fees, in the discretion of the court, may be made payable in whole or in part to the attorney entitled thereto. Any such order may be enforced by the court in the same manner as an order made on behalf of any party to the action."

There are provisions in somewhat similar language in A.R.S. § 25–324 effective 8 August 1973.

■ The case of Bickel v. Bickel, 17 Ariz.App. 29, 495 P.2d 154 (1972), concerned itself with a decree of divorce

---

1. § 25–315. Alimony and temporary orders prior to final judgment in divorce action
During pendency of an action for divorce, the court may in its discretion require the husband to pay as alimony money necessary for prosecution of the action, or for attorney's fees, or for support and maintenance of the wife or minor children of the parties. The court may make temporary orders respecting the property of the parties or the custody of the children of the parties, as may be necessary.

which included a provision for attorney's fees payable "directly to the plaintiff's attorney." The attorney enforced the payment by an execution sale, which was upheld. In Bickel, A.R.S. § 25–371 was cited. The Court stated:

> "We agree that attorney's fees are as much for the wife's support as payments made directly to her * * *." 17 Ariz.App. at 30, 495 P.2d at 155.

Quoting from Henry v. Henry, 182 Cal. App.2d 707, 6 Cal.Rptr. 418 (1960), our Court stated:

> "'An award of an attorney fee to a plaintiff-wife is an adjudication of her need of such support in order to litigate with her husband upon an equal basis.'" 17 Ariz.App. at 31, 495 P.2d at 156.

We recognize that in Bickel alimony had been granted to the wife, and in the instant case there was no alimony granted to the wife. We hold that attorney's fees awarded in a decree of divorce are enforceable by post judgment contempt in the same manner as alimony or child support could be enforced.

This cause is reversed in relation to the trial court ruling in this respect and the cause is remanded for further proceedings as to the $500.00 attorneys' fee not inconsistent with this opinion.

DONOFRIO, P. J., and OGG, J., concur.