TANG, Circuit Judge:
 

 This appeal is from a district court judgment affirming a bankruptcy court judgment declaring an attorney’s fee award nondischargeable in bankruptcy. The issue is whether attorney’s fees awarded to a bankrupt’s former spouse in a post-divorce child custody proceeding in Arizona is non-dischargeable under section 17(a)(7) of the former Bankruptcy Act, 11 U.S.C. § 35(a)(7) (1976).
 
 [1]
 
 We conclude that the award is nondischargeable and therefore affirm.
 

 The appellant, J. C. Catlow, and his wife were divorced in 1975. The divorce decree awarded custody of the minor child to Catlow’s wife. In 1977, Catlow sued in an Arizona state court to obtain custody over the child. After the custody proceeding, the court, pursuant to Ariz.Rev.Stat.Ann. § 25-324 (1976), ordered Catlow to pay his former wife’s attorney’s fees for the proceeding. Catlow subsequently filed a voluntary bankruptcy petition in the District of Arizona. The former wife’s attorney, the appellee here, filed a complaint with the bankruptcy court asking that the attorney’s
 
 *962
 
 fee award be declared nondischargeable and exempt from the stay of process by Cat-low’s creditors. The bankruptcy court held the fees nondischargeable and exempt from the stay under section 17(a)(7) of the former Bankruptcy Act, 11 U.S.C. § 35(a)(7) (1976), and the district court affirmed.
 

 Section 17(a)(7) of the former Bankruptcy Act provides that a discharge in bankruptcy does not release the bankrupt from debts “for alimony due or to become due, or for maintenance or support of wife or child .... ” 11 U.S.C. § 35(a)(7) (1976). In the absence of specific conflict with federal law, we must look to state law to delineate the parties’ state-created support obligations.
 
 See Vanston Bondholders Protective Committee v. Green,
 
 329 U.S. 156, 161, 67 S.Ct. 237, 238-239, 91 L.Ed. 162 (1946). As this court has noted, “[f]ederal bankruptcy law is not the source of these obligations; it takes them as it finds them and, when necessary, characterizes the legal relations existing between the parties for its own purposes.”
 
 Albin v. Albin (In re Albin),
 
 591 F.2d 94, 97 (9th Cir. 1979).
 

 Catlow argues that the district and bankruptcy courts below misapplied section 17(a)(7) in holding the attorney’s fee award nondischargeable. He acknowledges that this circuit has previously ruled that attorney’s fees awarded to a bankrupt’s former spouse in a California divorce action is in the nature of spousal support and is therefore not dischargeable.
 
 See Jones v. Tyson (In re Jones),
 
 518 F.2d 678, 680-81 (9th Cir. 1975).
 
 [2]
 
 He contends, however, that even if this rule applies to Arizona divorce proceedings, it does not extend to post-divorce proceedings that are unrelated to enforcing spousal support obligations. As the proceeding at issue here occurred two years after his divorce and dealt exclusively with child custody, he contends that the fee award may not be characterized as spousal support and is therefore dischargeable in bankruptcy.
 
 [3]
 
 We disagree.
 

 The Arizona statute authorizing attorney’s fees, like the statute considered in
 
 Jones
 
 v.
 
 Tyson,
 
 permits a fee award upon a showing of financial necessity and requires a court to consider the respective needs and incomes of both spouses prior to making an award.
 
 See
 
 Ariz.Rev.Stat.Ann. § 25-324 (1976).
 
 [4]
 
 Arizona courts have ruled consistently that this statutory obligation is founded upon a spouse’s duty of support to his or her spouse. The courts have held that “attorney’s fees are as much for the wife’s
 
 *963
 
 support as payments made directly to her ... ”,
 
 Johnson v. Johnson,
 
 22 Ariz.App. 69, 71, 523 P.2d 515, 517 (1974) quoting
 
 Bickel v. Bickel,
 
 17 Ariz.App. 29, 30-31, 495 P.2d 154, 155-56 (1972), and a decision to grant fees “is an adjudication of her need of such support in order to litigate with her husband upon an equal basis,”
 
 id.
 
 22 Ariz.App. at 71, 523 P.2d at 517 (same).
 
 Accord, Gubser v. Gubser (In re Gubser),
 
 126 Ariz. 303, 305, 614 P.2d 845, 847 (1980);
 
 Kingsbery v. Kingsbery,
 
 93 Ariz. 217, 227, 379 P.2d 893, 900 (1963);
 
 Olsztyn v. Olsztyn,
 
 20 Ariz.App. 545, 549, 514 P.2d 498, 502 (1973);
 
 Bickel v. Bickel,
 
 17 Ariz.App. 29, 30-31, 495 P.2d 154, 155-56 (1972);
 
 Reich v. Reich,
 
 13 Ariz.App. 98, 99, 474 P.2d 457, 458 (1970). This purpose has been considered of such paramount importance that the Arizona Supreme court has ruled
 
 sua sponte
 
 that the standards in the attorney’s fees statute govern over any other contractual arrangements the parties have made for allocating attorney’s fees.
 
 See Gubser v. Gubser (In re Gubser),
 
 126 Ariz. at 305, 614 P.2d at 847. Moreover, like alimony and child support, a spouse’s obligation to pay attorney’s fees is enforceable by contempt.
 
 Johnson v. Johnson,
 
 22 Ariz.App. at 71, 523 P.2d at 517.
 

 The distinction Catlow attempts to draw between divorce proceedings and post-divorce child custody proceedings has no basis in Arizona law. Arizona law makes no distinction between fees awarded for legal services related to the actual dissolution of marriage and those related to child custody proceedings held subsequent to divorce.
 
 See
 
 Ariz.Rev.Stat.Ann. § 25-324 (1976) (statute’s provisions govern both divorce and child custody proceedings); see
 
 also Gubser v. Gubser (In re Gubser),
 
 126 Ariz. at 304-05, 614 P.2d at 846-47 (statutory fee may be awarded in child custody proceeding held four years after divorce);
 
 Long v. Long,
 
 39 Ariz. 271, 276-77, 5 P.2d 1047, 1049 (1931) (court has power to award attorney’s fee in child custody proceeding held nine months after divorce);
 
 Bradstreet v. Bradstreet,
 
 34 Ariz. 340, 346-47, 271 P. 717, 719 (1928) (statutory fee awarded in child custody proceeding held subsequent to divorce action);
 
 Smith v. Smith,
 
 117 Ariz. 249, 571 P.2d 1045 (Ariz.App.1977) (statutory fee awarded in child custody proceeding held two years after divorce).
 

 Arizona treats a post-divorce child custody proceeding as a continuation of the original divorce action.
 
 See Beard v. Greer,
 
 116 Ariz. 536, 539, 570 P.2d 223, 226 (Ariz.App. 1977). The factors and bases delimiting a court’s power to award attorney’s fees in the original action are therefore identical in the later ancillary proceeding.
 
 See Bradstreet v. Bradstreet,
 
 34 Ariz. at 346-47, 271 P. at 719. As Arizona law considers attorney’s fees to be spousal support if awarded in the original divorce action, this characterization must therefore also apply to fees awarded in post-divorce child custody proceedings.
 

 As Catlow’s debt for legal services is founded upon his state-created obligation to support his former wife, the debt is nondis-chargeable under section 17(a)(7) of the former Bankruptcy Act.
 
 [5]
 

 See Wetmore v. Markoe,
 
 196 U.S. 68, 76-77, 25 S.Ct. 172, 175, 49 L.Ed. 390 (1904);
 
 Jones v. Tyson (In re Jones),
 
 518 F.2d at 680.
 

 AFFIRMED.
 

 [1]
 

 . This proceeding is governed by the former Bankruptcy Act because Catlow’s petition was filed before October 1, 1979, the new Bankruptcy Act’s effective date.
 
 See
 
 Bankruptcy Reform Act of 1978, Pub.L. 95-598, §§ 402(a), 403(a), 92 Stat. 2549.
 

 We reserve the question whether attorney’s fees awarded to a bankrupt’s former spouse or the spouse’s attorney in a divorce or post-divorce action is dischargeable under section 523(a)(5) of the new Bankruptcy Act, 11 U.S.C. § 523(a)(5) (Supp.1979).
 
 Compare Spong v. Pauley (In re Spong),
 
 661 F.2d 6 at 11 (2d Cir. 1981) (nondischargeable) (New York law);
 
 Leonhardt v. Whitehurst (In re Whitehurst),
 
 10 B.R. 229, 230 (Bkrtcy.M.D.Fla.1981) (nondischargeable);
 
 Lineberry v. Lineberry (In re Lineberry),
 
 9 B.R. 700, 709-10 (Bkrtcy.W.D.Mo. 1981) (nondischargeable) (Missouri law);
 
 French v. Prante (In re French),
 
 9 B.R. 464, 467-69 (Bkrtcy.S.D.Cal.1981) (nondischargeable);
 
 Janashak v. Demkow (In re Demkow),
 
 8 B.R. 554, 555 (Bkrtcy.N.D.Ohio 1981) (nondischargeable);
 
 A. A. Legal Clinic, Ltd. v. Wells (In re Weils),
 
 8 B.R. 189, 193 (Bkrtcy.N.D.Ill. 1981) (nondischargeable) (Illinois law);
 
 Bennett v. Knabe (In re Knabe), 8
 
 B.R. 53, 56-57 (Bkrtcy.S.D.Ind.1981) (nondischargeable) (Indiana law);
 
 Bell v. Bell (In re Beil),
 
 5 B.R. 653, 655 (Bkrtcy.W.D.Okla.1980) (nondischargeable) (Oklahoma law);
 
 Pelikant v. Richter (In re Pelikant),
 
 5 B.R. 404, 407-08 (Bkrtcy.N.D.Ill. 1980) (nondischargeable) (Illinois law);
 
 with In re Crawford,
 
 8 B.R. 552 (Bkrtcy.D.Kan.1981) (dischargeable because fees owed to spouse’s attorney rather than to spouse);
 
 Asgeirson v. Deliilo (In re Delillo),
 
 5 B.R. 692, 694 (Bkrtcy.D. Mass. 1980) (same);
 
 Monday v. Alien (In re Allen), 4 B.R.
 
 617, 620 (Bkrtcy.E.D.Tenn.1980) (same).
 

 [2]
 

 . Federal courts have generally held a debt for attorney’s fees to be nondischargeable under section 17(a)(7) when the fees are awarded to a bankrupt’s spouse in a divorce action.
 
 See DuBroff v. Steingesser (In re Steingesser),
 
 602 F.2d 36, 38 (2d Cir. 1979) (New York law);
 
 Brody & Brody v. Birdseye (In re Birdseye),
 
 548 F.2d 321, 323-25 (10th Cir. 1977) (Connecticut law);
 
 Schiller v. Cornish (In re Cornish),
 
 529 F.2d 1363, 1364-65 (7th Cir. 1976) (Illinois law);
 
 Nunnally v. Nunnally (In re Nunnally),
 
 506 F.2d 1024, 1026-27 (5th Cir. 1975) (Texas law);
 
 Damon v. Damon,
 
 283 F.2d 571, 573-74 (1st Cir. 1960) (Maine law);
 
 In re Hargrove,
 
 361 F.Supp. 851, 853-54 (W.D.Mo.1973) (Missouri law) (state post-divorce proceeding);
 
 Gagnon v. Gagnon (In re Gagnon),
 
 No. BK-79-52 (Bankr.D.Me. April 29, 1980) (Maine law);
 
 Mahoney v. Smith (In re Smith),
 
 3 B.R. 224, 231-32 (Bkrtcy.E.D.Va. 1980) (District of Columbia law).
 
 But see Krings v. Moyer,
 
 13 B.R. 436 (Bkrtcy.W.D.Mo.1981) (Missouri law).
 

 [3]
 

 . Catlow also argues that section 17(a)(7) is unconstitutional because, in failing to make alimony paid to a husband nondischargeable, it creates a gender-based distinction violative of the Due Process Clause of the Fifth Amendment. Catlow, however, did not raise this issue before either the bankruptcy court or the district court. We therefore refuse to consider the issue on appeal.
 
 See Albin v. Albin (In re Albin),
 
 591 F.2d 94, 97 (9th Cir. 1979).
 

 [4]
 

 .The statute provides:
 

 The court from time to time, after considering the financial resources of both parties, may order a party to pay a reasonable amount to the other party for the costs and expenses of maintaining or defending any proceeding under this chapter. For the purpose of this section costs and expenses may include attorney’s fees, deposition costs, and such other reasonable expenses as the court finds necessary to the full and proper presentation of the action, including any appeal. The court may order all such amounts paid directly to the attorney, who may enforce the order in his name with the same force and effect, and in the same manner, as if the order had been made on behalf of any party to the action.
 

 Ariz.Rev.Stat.Ann. § 25-324 (1976).
 

 [5]
 

 . We also reject Catlow’s contention that Congress narrowed the dischargeability exception’s scope when it recodified the section from section 17(a)(2) to section 17(a)(7) in Public Law 91-467, § 5, 84 Stat. 990 (1970). Nothing in the amendments’ language or the legislative history suggests that Congress contemplated such a change in the dischargeability exception’s substantive content.
 
 See
 
 H.R.Rep.No.91-1502, 91st Cong., 2d Sess. 2,
 
 reprinted in
 
 [1970] U.S. Code Cong. & Ad.News 4156, 4157 (amendments designed not to change the policy of Congress in determining what debts are dis-chargeable).