In re Anthony J. SPOSA, Jr., Karen Myers Sposa, Debtors.

Craig S. COOLEY, Plaintiff,

v.

Anthony J. SPOSA, Jr., Karen Myers Sposa, Defendants.

and

E. Conway MONCURE, Plaintiff,

v.

Anthony J. SPOSA, Jr., Karen Myers Sposa, Defendants.

Bankruptcy No. 82–00023–R.

Adv. Nos. 82–0072–R, 82–0084–R.

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

June 22, 1983.

Arnold B. Snukals, Richmond, Va., for Craig S. Cooley.

Roy M. Terry, Jr., Richmond, Va., for E. Conway Moncure.

C.B. Neblett, Jr., Richmond, Va., for defendants.

## MEMORANDUM OPINION
## STATEMENT OF THE
## FACTS

BLACKWELL N. SHELLEY, Bankruptcy Judge.

The two adversary proceedings combined here for decision arise out of a joint petition by the debtors, Anthony J. Sposa, Jr. (Sposa) and Karen Myers Sposa. Sposa was formerly married to Ann Cox Sposa. The marriage ended in divorce in 1973 and their separation agreement required Sposa to pay Ann Sposa maintenance and support. Subsequently Sposa stopped paying spousal support to Ann Sposa. Ann Sposa recovered several judgments for delinquent spousal support.

Subsequent to the separation agreement and divorce decree Sposa transferred his

stock interest in the Broadcast Academy of Richmond, Inc. and his interest in real estate to Karen Myers, whom he later married. Sposa's first wife, Ann Cox Sposa, filed a bill of complaint in the Circuit Court of Henrico County to set aside the transfers as fraudulent. In addition, the complaint sought to recover a money judgment for spousal support in arrearages owed to Ann Sposa from Sposa. On September 21, 1981, that court set aside and voided the transfer of Sposa's stock and also granted Ann Sposa a lien on Sposa's stock in Broadcast Academy of Richmond, Inc. and on Sposa's real property transferred to Karen Myers as security for payment of the judgment awards. Moreover, the court ordered the defendant, Sposa, to pay to the plaintiff, Ann Cox Sposa, attorney's fees of $6,000.00 and court costs of $705.00 in addition to a $22,000.00 judgment. Also, the court ordered the defendant, Sposa to pay a fee of $400.00 to E. Conway Moncure (Moncure), the Commissioner in Chancery in the state court action. The $6,000.00 attorneys fees and $400.00 commissioner's fees are the subjects of these adversary proceedings.

After the fraudulent conveyance action Sposa married Karen Myers and on January 7, 1982, they filed a joint bankruptcy petition in this Court. As part of their petition in bankruptcy Sposa and Karen Myers Sposa sought to discharge the $6,000.00 attorney's fees and $400.00 commissioner's fees awarded in the prior suit brought in the Circuit Court of Henrico County. The attorney for Ann Cox Sposa, Craig S. Cooley (Cooley), and Moncure, the Commissioner in Chancery, brought separate adversary proceedings asking this Court to determine these debts to be nondischargeable in bankruptcy. Due to the similar nature of these claims, these cases were heard at the same time and are the subject of this opinion.

### THE COMMISSIONER'S FEES

The defendants in the instant case attempt to discharge their obligation to pay commissioner's fees to Moncure. Moncure alleges alternative grounds for determining the debt of commissioner's fees to be non-

dischargeable. First, he alleges that the debt is nondischargeable under § 523(a)(5) as a debt in the nature of alimony, support, and maintenance. Second, he alleges that the debt is nondischargeable under § 523(a)(2) because the debt was incident to a fraudulent conveyance action. 11 U.S.C. § 523(a)(5) provides in pertinent part

"A discharge under § 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt ... (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that— (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support ...."

What constitutes "alimony, maintenance, or support" is a question of federal bankruptcy law and not a question of state law, although the bankruptcy court may examine state law in determining what is alimony. *See, e.g. In re Spong,* 661 F.2d 6 (2nd Cir. 1981); *In re DuPont,* 19 B.R. 605 (Bkrtcy.E. D.N.Y.1982). Courts have formulated a two-part test in determining whether a debt is nondischargeable under § 523(a)(5). The two parts of the test include: 1) that the debt is payable directly to a former spouse or child of the debtor and has not been assigned to another entity voluntarily, by operation of law, or otherwise; and 2) that the debt is actually in the nature of alimony, maintenance, or support. *See In re Lafleur,* 11 B.R. 26 (Bkrtcy.D.Mass.1981). Strict adherence to the first part of this test has resulted in the dischargeability of certain fees and costs that otherwise would be nondischargeable. *See In re Delillo,* 5 B.R. 692 (Bkrtcy.D.Mass.1980), *In re Lang,* 11 B.R. 428 (Bkrtcy.W.D.N.Y.1981). Courts have held consistently that fees payable directly to an attorney for alimony related services, *see, Dupont; see also In re Smith,* 3 B.R. 224 (Bkrtcy.E.D.Va.1980), and attor-

neys fees actually assigned, *In re Auer,* 22 B.R. 274 (Bkrtcy.E.D.N.Y.1982), do not lose their characteristic of being in the nature of alimony, maintenance, or support. This reasoning is equally applicable to fees awarded directly to a Commissioner in Chancery as costs incurred by a spouse seeking to recover arrearages in spousal support.

■ The more recent and preferable approach is that taken by the courts in *Spong* and in *In re Gwinn,* 20 B.R. 233 (Bkrtcy. App.R. 9th Cir.1982). In those cases the courts held that permitting the debts to be discharged merely because they were payable to a third party would frustrate the purpose of the Bankruptcy Code and "exalt form over substance." *Spong* at 11. Consequently, it would exalt form over substance if the commissioner's fees incurred in the state fraudulent conveyance were discharged merely because they were payable to the commissioner himself and not payable to the spouse. *See In re Whitehurst,* 10 B.R. 229 (Bkrtcy.M.D.Fla.1981); *In re French,* 9 B.R. 464 (Bkrtcy.S.D.Cal.1981); *In re Smith, supra.*

■ The sole question then to determine the dischargeability of the commissioner's fees is whether they are in the nature of alimony, maintenance, or support. It is well settled that costs involved in obtaining divorce decrees are routinely determined to be in the nature of alimony, maintenance, or support. In a case under the Bankruptcy Act, the United States District Court for the Western District of New York, held that costs incurred and awarded in a proceeding ancillary to a support decree were nondischargeable. *Smith v. Smith,* 7 F.Supp. 490 (W.D.N.Y.1934). *See also, In re Mineer,* 11 B.R. 663 (Bkrtcy.D.Col.1981). In *Smith,* subsequent to a divorce decree and judgment in favor of a wife for support and maintenance, a state court awarded the wife her costs associated with enforcing the support judgment. The husband then filed bankruptcy and attempted to discharge the obligation to pay court costs in the collection action. The court held that those costs were nondischargeable. The court stated

that it would look behind the judgment to ascertain the nature of the action out of which the judgment arose. Because the costs included in the judgment were necessarily incurred in order that the alimony might be decreed, the costs were nondischargeable. *Smith* at 491. Moreover, the court stated that "... costs are accessory to the judgment and follow the nature of the liability on which the judgment is based." *Id.* Applying the court's reasoning in *Smith* to the facts of the instant case, this court holds that the commissioner's fees are nondischargeable because the nature of the liability on which the award of costs is based was an action to enforce spousal support arrearages. Having held the commissioner's fees to be a debt of Sposa nondischargeable under § 523(a)(5) of the Bankruptcy Code, this Court need not reach the question of the dischargeability of such fees under § 523(a)(2).

## ATTORNEY'S FEES

■ The law is well settled that attorney's fees awarded to a spouse or agreed to be paid to a spouse under separation settlement may be nondischargeable when they are in the nature of support or maintenance. *See, In re Daumit,* 25 B.R. 371 (Bkrtcy.D.Md.1982); *In re Painter,* 21 B.R. 846 (Bkrtcy.D.Ga.1982). What is at issue here, however, is not attorney's fees awarded in a divorce proceeding but attorney's fees awarded in a proceeding ancillary to the original divorce and support award. Ancillary obligations, such as attorney's fees, stand or fall (i.e. dischargeable or nondischargeable) with the primary debt. *In re Bell,* 5 B.R. 653 (Bkrtcy.W.D.Okla.1980). Where the primary debt is for support and maintenance, attorney's fees and court costs awarded in an ancillary proceeding will be nondischargeable provided the ancillary proceeding is sufficiently related to or connected with the primary support obligation.

A number of cases have held attorney's fees to be nondischargeable where those fees were awarded in post-divorce proceedings to enforce a judgment for support or maintenance. In *In re Catlow,* 663 F.2d 960

(9th Cir.1981), the court addressed the issue of whether attorney's fees awarded to a bankrupt's former spouse in a post-divorce child custody proceeding were nondischargeable under the former Bankruptcy Act.[1] In *Catlow* the debtor sued to regain custody of his children two years after a divorce decree awarded custody to his wife. The state court ordered the husband to pay his former wife's attorney's fees for the child custody proceeding. The husband then filed a voluntary petition in bankruptcy and attempted to discharge that obligation. The debtor argued that the rule holding attorney's fees awarded to a bankrupt's former spouse to be in the nature of spousal support (and, therefore, nondischargeable) did not extend to post-divorce proceedings unrelated to enforcing spousal support obligations. The court concluded, however, that even though the proceeding at issue occurred two years after the divorce and dealt exclusively with child custody, the attorney's fees awarded in the later proceeding were nondischargeable. *Catlow* at 962. The court refused to distinguish between divorce proceedings and post-divorce child custody proceedings in holding related attorney's fees dischargeable.

Opinions rendered since *Catlow* under the Bankruptcy Code are in accord with that holding and conclude that attorney's fees arising out of alimony and support payments awarded in post-divorce ancillary proceedings are nondischargeable. *See, In re Gwinn, supra. In re DuPont, supra.* In *In re Glover*, 16 B.R. 213 (Bkrtcy.M.D.Fla. 1981) the court held that an award of attorney's fees to the wife for obtaining a judgment for past due child support was nondischargeable in bankruptcy.

In *In re Frey*, 13 B.R. 12 (Bkrtcy.S.D.Ind. 1981), the court held that attorney's fees awarded in a contempt proceeding brought to enforce payments required under a property settlement were nondischargeable. Conversely, in *In re Abitua*, 18 B.R. 674 (Bkrtcy.N.D.Ill.1982) the court held that at-

torney's fees incurred in a contempt action unrelated to the enforcement of the divorce decree were dischargeable. *Abitua* is distinguishable because the contempt action was brought for violation of a restraining order and not for enforcement of a divorce decree. Thus, attorney's fees awarded are nondischargeable when the proceeding in which they are awarded is closely related to the original nondischargeable support order.

In the instant case the debtors' counsel emphasizes that the ancillary proceeding was a "fraudulent conveyance" action. The debtors contend that the ancillary proceeding is too remote from the spousal support decree for this court to hold the attorney's fees to be nondischargeable. This court must look beyond any labels placed on the ancillary proceeding and analyze its substance. A close examination of the bill of complaint and decree in the state court action reveals that the proceeding was an attempt to enforce the debtor's spousal support obligations. The bill of complaint reveals that an action for a money judgment was joined in the fraudulent conveyance suit. Moreover, the fraudulent conveyance action was necessary because the defendant debtor attempted to inhibit the spouse's attempt to collect spousal support arrearages. Viewed in its proper perspective the state court action was an enforcement proceeding to collect spousal support.

■ The attorney's fees at issue in the present action are in the nature of alimony, maintenance, or support. Although the enforcement action was brought some years after the award of spousal support the attorneys fees incurred in enforcing spousal support obligations nonetheless retain the characteristic of the primary debt which is spousal support. To hold otherwise would frustrate the spouse's attempt to recover rightful support obligations, as well as, undermine the policies of the exemptions underlying § 523(a)(5).

---

1. The Bankruptcy Act applicable in the *Catlow* case was repealed and replaced by the Bankruptcy Reform Act of 1978, Pub.L. No. 598, 92 Stat. 2549, codified at 11 U.S.C. §§ 101–151326 (hereinafter referred to as Bankruptcy Code).

## STANDING

▮ The debtors in the instant case allege that Cooley has no standing to prosecute a claim for attorney's fees. Although the state court decree explicitly awarded the attorney's fees to Ann Cox Sposa, the debtors listed a debt to Cooley for $6,000.00 in attorney's fees on their schedules when they filed their bankruptcy petition. The decree did not make the fees payable to Cooley. Where an attorney sues to recover fees awarded his client, he must sue on behalf of the party awarded the fees. *See e.g., In re Catlow, supra; In re Frey, supra.* However, when fees are awarded directly to the attorney, the attorney has standing to prosecute the claim without joining his client, as a party plaintiff. *See e.g., In re Rodriguez,* 22 B.R. 309 (Bkrtcy.W.D.Wis. 1982); *In re Wells,* 8 B.R. 189 (Bkrtcy.N.D. Ill.1981).

The reasoning in *Spong, supra,* is of no assistance to Cooley here. In *Spong,* the obligation sued upon arose out of a divorce decree wherein the debtor was required to pay directly to the attorney the debtor's spouse's attorney's fees. It was upon that undertaking that the Second Circuit invoked a third party beneficiary contract theory to give standing to the attorney to prosecute his claim for attorney's fees. In the instant case, however, Cooley was not awarded attorney's fees either in a divorce settlement as in *Spong* or by court order as in *Gwinn, supra.*

▮ Bankruptcy Rule 717 requires that "[e]very action shall be prosecuted in the name of the real party in interest." *See also* Rule 17, *F.R.Civ.P.* This Court holds that Cooley does not have standing to prosecute his claim seeking a determination of dischargeability of attorney's fees owed by the defendant-debtor, Sposa. Where an attorney sues to recover fees awarded his client, he must sue on behalf of the party awarded the fees. On the other hand, because no objection was raised and because the state court decree makes the commissioner's fees payable to Moncure directly, Moncure is a proper party to seek to have the commissioner's fees declared nondischargeable.

This Court, however, does not hold that the debtor's obligation to pay attorney's fees is dischargeable. Rather as evidenced by a state court decree, the attorney's fees are a debt owing to Ann Cox Sposa. Whether such attorney's fees are dischargeable turns on whether they are in the nature of "alimony, maintenance, or support." It is clear from the preceding discussion that the debt owing Ann Cox Sposa on account of attorney's fees is nondischargeable in bankruptcy; however, because Cooley has no standing in this Court at this time on that issue, this Court must dismiss his complaint.

## KAREN MYERS SPOSA'S LIABILITY

▮ A final issue presented by the parties is the liability of one of the defendants, Karen Myers Sposa. Both plaintiffs sued both Sposa and his second wife, Karen Myers Sposa. Counsel for the debtors has urged that the complaints as to Karen Myers Sposa should be dismissed because there is no basis on which to hold her liable for either the attorney's fees or the commissioner's fees. At oral argument Cooley agreed to the dismissal request, but Moncure refused contending that Karen Myers Sposa should also be liable for his commissioner's fees because she was a party to the fraud in the state law action. The state law decree makes clear that the attorney's fees and commissioner's fees are to be paid by the defendant, Sposa. Karen Myers Sposa is not liable for that debt; therefore, Moncure has recourse for his commissioner's fees against Sposa solely.

## ORDER

For the reasons contained in the Memorandum Opinion and it appearing proper so to do, it is

ORDERED that the debt owed E. Conway Moncure by Anthony J. Sposa Jr. in the amount of $400.00 be and it is hereby determined to be nondischargeable and it is further

ORDERED that the complaint as to Karen Myers Sposa be and it is hereby dismissed.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record.