# IN THE SUPREME COURT OF THE STATE OF NEVADA

BURHAN CULCULOGLU,
Appellant,
vs.
MICHELLE L. CULCULOGLU,
Respondent.

No. 67781

**FILED**

JUN 06 2016


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order concerning child custody, child support, property distribution, and attorney fees in a divorce proceeding. Eighth Judicial District Court, Family Court Division, Clark County; Cynthia Dianne Steel, Judge.

The parties were married for four years and have three children together. When the parties separated, respondent relocated to Nevada with the children and appellant remained in Canada. At that time respondent was a stay-at-home mother and appellant earned $13,292.67 Canadian monthly. Appellant attempted to have the children returned to him in Canada by filing a petition in federal court under the Hague Convention on Civil Aspects of International Child Abduction, but the federal court denied his request concluding that he had consented to the relocation. After respondent filed for divorce, the district court awarded respondent primary physical custody of the children and $67,038.77 in attorney fees under *Sargeant v. Sargeant*, 88 Nev. 223, 495 P.2d 618 (1972). The district court also awarded appellant his retirement account as his separate property, but ordered him to pay respondent's attorney fees out of that retirement account because the court concluded that the *Sargeant* attorney fees constituted support for respondent that could be paid out of appellant's separate property under NRS 125.150(4) (2009) (amended 2015). This appeal followed.

16-17484

First, we conclude that the district court did not abuse its discretion in awarding respondent $67,038.77 in attorney fees under *Sargeant*, 88 Nev. at 227, 495 P.2d at 621 (permitting the district court to award the less affluent spouse attorney fees to enable him or her to meet his or her adversary on equal grounds in the courtroom). The award under *Sargeant* was not improper because appellant was the primary income earner during the parties' marriage, respondent was a stay-at-home mother, and appellant was at least capable of earning $13,292.67 Canadian monthly. Additionally, appellant's argument that the attorney fees award was a sanction against him for not retaining counsel lacks merit because the district court considered appellant's pro se litigation practices and how they contributed to an increase in respondent's legal expenses in determining that respondent's legal expenses were reasonable. The district court also properly considered the factors set forth in *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969), in determining the reasonableness of the requested attorney fees.

The district court also did not err in ordering appellant to pay the attorney fees award out of his separate property under NRS 125.150(4) (2009) (amended 2015). *See Zohar v. Zbiegien*, 130 Nev., Adv. Op. 74, 334 P.3d 402, 405 (2014) (providing that this court reviews questions of statutory construction de novo). *Sargeant* attorney fees can be construed as support because they allow the less affluent spouse to meet his or her adversary on equal grounds in court and ensure that the less affluent spouse is not left with an attorney fees debt after the divorce that leaves him or her in a lower station of life than he or she enjoyed during the marriage. *See Sargeant*, 88 Nev. at 227, 495 P.2d at 621; *see also Shydler v. Shydler*, 114 Nev. 192, 198, 954 P.2d 37, 40 (1998) (providing that one of

the purposes of spousal support is to ensure that the recipient spouse is able to remain in the station of life he or she enjoyed during the marriage); *see generally In re Catlow*, 663 F.2d 960, 962 & n.2 (9th Cir. 1981) (explaining that in a bankruptcy action where spousal support is non-dischargeable, attorney fees awarded in a divorce proceeding are also non-dischargeable if such an award is based on a showing of the recipient spouse's financial need); *Gross v. Gross*, 319 S.W.2d 880, 883 (Mo. Ct. App. 1959).

Next, the district court did not abuse its discretion in awarding respondent primary physical custody of the parties' children. *Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996) (providing that this court reviews an award of child custody for an abuse of discretion). The district court properly considered the NRS 125.480(4) (2009) best-interest-of-the-children factors and concluded that as a result of appellant's controlling behavior, the parents' ability to coparent was diminished requiring a primary physical custody award and that it was in the children's best interests that respondent have primary physical custody. Additionally, there is no evidence in the record that respondent abducted the children. In fact, the United States District Court denied appellant's Hague petition concluding that he had consented to respondent returning to Nevada with the children.

Lastly, with the exception of the attorney fees debt from the Hague case, appellant is precluded from challenging the remaining distribution of the parties' property because he agreed to the division prior to the trial. *See Lehrer McGovern Bovis, Inc. v. Bullock Insulation, Inc.*, 124 Nev. 1102, 1118, 197 P.3d 1032, 1042 (2008) (explaining that when parties mutually agree to a settlement and the settlement is entered into before the court without any objections from the parties, and reduced to

writing in an order, the settlement is enforceable); *see also Grisham v. Grisham*, 128 Nev. 679, 687, 289 P.3d 230, 236 (2012) (providing that a party's failure to object to terms entered on the record is evidence of the party's consent to the settlement terms). The district court did not abuse its discretion in ordering that appellant's attorney fees related to the Hague case that were charged to the parties' credit card were appellant's separate property because the debt was incurred after the parties had separated and it did not benefit the community. *See Wolff v. Wolff*, 112 Nev. 1355, 1359, 929 P.2d 916, 918-19 (1996) (explaining that this court reviews a division of community property for an abuse of discretion); *see also Barry v. Lindner*, 119 Nev. 661, 671, 81 P.3d 537, 543 (2003) (providing that a debt incurred after the parties separate and not incurred for the benefit of the community is not a community debt). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

---

[1]To the extent appellant's additional arguments are not addressed in this order, we conclude they lack merit.

Additionally, in light of this order, we deny appellant's June 1, 2016, emergency stay motion as moot.

cc: Hon. Cynthia Dianne Steel, District Judge, Family Court Division
Burhan Culculoglu
Pecos Law Group
Eighth District Court Clerk

Supreme Court
of
Nevada

(O) 1947A