[Civ. No. 3059. Fifth Dist. Sept. 16, 1977.]

In re the Marriage of BECKY SUE and RICHARD JOHN PALLESI.
BECKY SUE PALLESI, Respondent, v.
RICHARD JOHN PALLESI, Respondent;
FULLERTON, LANG, RICHERT & PATCH, Appellant.

**COUNSEL**

William T. Richert and Jeff Wall for Appellant.

No appearance for Respondents.

[Sept. 1977]

## OPINION

**FRANSON, J.—**

### STATEMENT OF THE CASE AND FACTS

On July 8, 1975, the superior court ordered the respondent-husband to pay to appellant, attorneys for the wife, the sum of $250 on account of attorneys' fees plus actual costs incurred in representing the wife in the pending marriage dissolution proceedings, payable at the rate of $50 per month.

On December 23, 1975, appellant attorneys filed a declaration and request for the issuance of a writ of execution wherein it alleged that respondent had paid only $150 of the $250 ordered to be paid on account of attorneys' fees; that the amount of actual costs incurred on behalf of the wife were $79.50 and that there was then owing and unpaid on the pendente lite award the sum of $179.50. The trial court ordered the issuance of a writ of execution in favor of appellant in the sum of $179.50.

Thereafter, appellant had respondent's wages levied upon by the Sheriff of Fresno County. Respondent promptly filed with the sheriff an earnings exemption claim under Code of Civil Procedure section 690.6. By his affidavit, respondent alleged that all of his wages were exempt from execution because the debt underlying the writ of execution was not incurred for the common necessities of life in that "said claim was incurred for legal fees incurred by wife at the start of a divorce case which did not go through and wife had paid her attorney at the beginning of the matter $150."

The parties apparently had reconciled before the writ of execution was levied on respondent's wages.

On January 13, 1976, appellant filed a counteraffidavit to respondent's claim of exemption and moved for a determination of the validity of respondent's claim of exemption under Code of Civil Procedure section 690.50.

On June 14, 1976, the trial court adjudged that respondent's claim of exemption should be allowed in full on the theory that the reconciliation

of the parties had terminated appellant's right to collect the balance owing on the pendente lite award of attorneys' fees and costs.

## DISCUSSION

Code of Civil Procedure section 690.6, subdivision (b)(1), provides in pertinent part: "(b) All earnings of the debtor received for his or her personal services rendered at any time within 30 days next preceding the date of a withholding by the employer [pursuant to levy of execution] if necessary for the use of the debtor or the debtor's family residing in this state and supported in whole or in part by the debtor, [shall be exempt from execution] *unless* the debts are: (1) incurred by the debtor, his or her spouse, or his or her family for the common necessaries of life." (Italics added.)

Thus, the first question is whether the costs and attorney's fees ordered to be paid to appellant during the pendency of the marital dissolution action constitute "the common necessaries of life" for the benefit of respondent's spouse within the meaning of section 690.6, subdivision (b)(1). If they do, under the statute only one-half of respondent's earnings are exempt;[1] if they do not, then all of respondent's earnings received within 30 days prior to the levy of execution are exempt. (Code of Civ. Proc., § 690.6, subd. (b)(1).)

In *Henry* v. *Henry* (1960) 182 Cal.App.2d 707 [6 Cal.Rptr. 418], it is stated that the services of an attorney to a wife in a divorce action are indispensable to the protection of her support rights. "An award of an attorney fee to a . . . wife is an adjudication of her need of such support in order to litigate with her husband upon an equal basis. Without the attorney fee the wife in most cases can obtain no support money or no adequate support; . . ." (182 Cal.App.2d at p. 711.) Stated otherwise, "Money awarded a wife to pay her attorney fee in a divorce case is as much for her support as money for a doctor's fee or a grocery bill." (*Henry* v. *Henry, supra,* 182 Cal.App.2d at pp. 712-713.)

■ Thus, the rendering of legal services and the advancement of costs of litigation giving rise to a pendente lite award to any attorney in a

---

[1]Code of Civil Procedure section 690.6, subdivision (a), provides an automatic unconditional exemption of one-half of a debtor's earnings received for his personal services rendered at any time within 30 days preceding the levy of execution. No claim of exemption is required and no showing need be made that the earnings are necessary for the use of the debtor or his family.

marriage dissolution action clearly qualify as "common necessaries of life" for the benefit of the indigent spouse thereby giving the attorney the right to enforce the award by writ of execution on the other spouse's earnings against a claim of exemption of those earnings. (See *McIntosh* v. *McIntosh* (1962) 209 Cal.App.2d 374 [26 Cal.Rptr. 28]; *Henry* v. *Henry, supra,* 182 Cal.App.2d 707.)

■ The second question is whether the reconciliation of the parties in the present case affects the applicability of the general rule stated above. The answer must be "no" for several reasons.

First, the character of the services rendered by the attorney became fixed at the time the services were rendered and cannot be altered by the subsequent acts of the parties.

Second, when the trial court exercised its discretion in deciding to issue the writ of execution in the present case, it presumably concluded that execution was the appropriate remedy for enforcing its order (see Civ. Code, § 4380). It necessarily determined that the equities favored the enforcement of the order against respondent. (*Messenger* v. *Messenger* (1956) 46 Cal.2d 619, 630 [297 P.2d 988].) Moreover, respondent husband did not attempt at any time to recall or quash the writ of execution or to quash the levy, as he had a right to do. (See *Wilkins* v. *Wilkins* (1950) 95 Cal.App.2d 605, 610-611 [213 P.2d 748]—motion to recall writ a proper remedy to review execution on alimony order, so as to raise defenses of inability to pay, etc.; see also 5 Witkin, Cal. Procedure (2d ed.) Enforcement of Judgment, pp. 3454-3455.) Thus, the reconciliation of the parties must be deemed irrelevant to the validity of the writ of execution and to the question whether the levy of the writ is good against respondent's claim of exemption.

Third, there is a strong public policy favoring the payment of *court-approved* attorney's fees and costs. If by an act of reconciliation a debtor spouse can escape liability for payment of the fees and costs, it would become difficult for indigent spouses to obtain legal counsel in marital dissolution proceedings. Furthermore, if a pendente lite order for attorney's fees and costs is not enforceable by execution against the earnings of the debtor spouse after reconciliation, counsel in dissolution proceedings will be encouraged to levy wage garnishments immediately upon obtaining an unconditional order for fees and costs, contrary to the strong public policy favoring reconciliation.

For the reasons stated, the judgment determining that appellant's wages are entirely exempt from execution must be reversed.

The judgment is reversed.

Brown (G. A.), P. J., and Gargano, J., concurred.