[Civ. No. 24317. Third Dist. Nov. 20, 1986.]

In re the Marriage of GAIL S. and CHARLES W. SILLER.
GAIL S. SILLER, Respondent, v.
CHARLES W. SILLER et al., Appellants.

**[Opinion certified for partial publication.\*]**

*Pursuant to Rule 976.1 of the California Rules of Court, the Reporter of Decisions is directed to publish all portions of this opinion except part II.

**COUNSEL**

Isenberg & Moulds, John F. Moulds, Gessford & Abbott, David W. Abbott, C. Alexandre Barbera and Jay-Allen Eisen for Appellants.

Brobeck, Phleger & Harrison, William E. Trautman, William F. Sullivan and Carol Reese MacLeod for Respondent.

## OPINION

**SIMS, J.**—Civil Code section 4370[1] allows a trial court in a marital dissolution proceeding to award pendente lite attorneys' fees to a spouse, payable by unrelated third parties who have been brought into the dissolution action by joinder. (Statutory references are to the Civil Code unless otherwise indicated.) In this case, we hold the statute was constitutionally applied when unrelated third parties were ordered to pay a wife pendente lite attorneys fees to compensate her attorneys for their successful opposition to various motions and writ petitions filed by third parties.

Appellants Siller Brothers, Inc. (hereafter corporation) and Siller Brothers, a partnership (hereafter partnership; sometimes collectively third parties) appeal from an order directing them to pay $100,000 attorneys' fees pendente lite to wife's counsel. They contend: (1) section 4370 must be construed to permit fee awards from nonspouse parties only where the moving party has prevailed in the litigation; (2) section 4370's legislative history suggests nonspouse parties are subject to fee awards only if they "stubbornly resist" the family law court's jurisdiction; (3) the trial court lacked subject matter jurisdiction to award the attorneys fees; (4) as applied in this case, section 4370 unfairly authorized the taking of third parties'

---

[1]Section 4370 provides in full as follows: "(a) During the pendency of any proceeding under this part, *the court may order any party, except a governmental entity, to pay such amount as may be reasonably necessary for the cost of maintaining or defending the proceeding and for attorneys' fees;* and from time to time and before entry of judgment, the court may augment or modify the original award for costs and attorneys' fees as may be reasonably necessary for the prosecution or defense of the proceeding or any proceeding related thereto, including after any appeal has been concluded. In respect to services rendered or costs incurred after the entry of judgment, the court may award such costs and attorneys' fees as may be reasonably necessary to maintain or defend any subsequent proceeding, and may augment or modify any award so made, including after any appeal has been concluded. Attorneys' fees and costs within the provisions of this subdivision may be awarded for legal services rendered or costs incurred prior, as well as subsequent, to the commencement of the proceeding. *Any order for a party who is not the husband or wife of another party to the proceedings to pay attorneys' fees or costs shall be limited to an amount reasonably necessary to maintain or defend the action on the issues relating to that party.* [¶] (b) During the pendency of any proceeding under this part, an application for a temporary order making, augmenting, or modifying an award of attorneys' fees or costs or both shall be made by motion on notice or by an order to show cause, except that it may be made without notice by an oral motion in open court in either of the following cases: [¶] (1) At the time of the hearing of the cause on the merits. [¶] (2) At any time prior to entry of judgment against a party whose default has been entered pursuant to Section 585 or 586 of the Code of Civil Procedure. [¶] (c) Notwithstanding any other provision of law, absent good cause to the contrary, the court, upon determining an ability to pay, shall award reasonable attorneys' fees to a custodial parent in any action to enforce an existing order for child support. [¶] (d) Notwithstanding any other provision of law, absent good cause to the contrary, the court, upon determining an ability to pay, shall award reasonable attorneys' fees to a supported spouse in any action to enforce an existing order for spousal support." (Italics added.)

property in violation of constitutional guarantees of substantive and procedural due process of law; and (5) the trial court's award constitutes an abuse of discretion.

In this published portion of our opinion we reject third parties' contentions; in an unpublished portion we reject husband's contention the trial court erroneously increased his pendente lite spousal support obligation. Accordingly, we affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND OF THE ATTORNEY FEE AWARD

After 21 years of marriage, husband and wife filed this action to dissolve their marriage.

Siller Brothers, Inc., is a California corporation formed after the marriage. Husband owns 40 percent of the shares of the corporation's stock. One of husband's brothers owns 40 percent of the shares and another brother owns 20 percent of the shares. Throughout the marriage husband contributed his services primarily to the business of the corporation.

The partnership was dissolved before the marriage and reformed after the marriage. Husband has a 50 percent interest in the partnership. One of husband's brothers owns the other 50 percent interest. The partnership is primarily in the farming business.

Both business entities experienced substantial growth during the marriage. In 1982, the corporation owned more than $45 million in assets; the partnership held assets valued at more than $14 million.

During the marriage 23 parcels of real property in this state were acquired with record title taken in the names of husband, wife, one of husband's brothers, and his wife. In 5 of the deeds, wife's interest is expressly referred to "as community property"; in the remaining 18 deeds she is identified as the wife of grantee Charles Siller (husband).

Wife petitioned for dissolution of marriage in 1981. At some point in the first year of the proceeding wife took the position she was the owner of a one-quarter interest in the 23 parcels of real property.

In late December 1982, the partnership filed an action seeking imposition of a purchase money resulting trust in its favor upon the 23 parcels. (See *Martin* v. *Kehl* (1983) 145 Cal.App.3d 228, 238-239 [193 Cal.Rptr. 312].) The partnership alleged it paid the purchase price of those properties solely

from its own funds. Wife responded to the partnership's resulting trust action by obtaining the joinder of the partnership and the corporation as parties in the dissolution proceeding. (§ 4363; Cal. Rules of Court, rules 1250-1256.) The various actions ended up in Sacramento County Superior Court pursuant to coordination proceedings. (Code Civ. Proc., § 404 et seq.; Cal. Rules of Court, rule 1501 et seq.)

In her first amended complaint for joinder wife alleged she owned a community property interest in real and personal properties claimed by the partnership, including the 23 parcels where title was taken in her name. Wife also alleged the corporation was a sham and shell and the alter ego of husband and others. She alleged husband invested community property funds in the corporation; using those funds the corporation acquired real and personal properties. Wife alleged the corporation's use of community funds, funds borrowed for which husband was guarantor, and husband's personal efforts, gave her a beneficial interest in the properties acquired by the corporation.

Before trial wife moved for an award of attorneys' fees from third parties. Wife's motion was supported by her counsel's declaration stating that, both before and after third parties were joined as parties to the dissolution action, wife had been forced to resist numerous unsuccessful motions by third parties to block discovery. These included motions that the depositions of the custodians of records of the partnership and the corporation not be taken; a motion to limit or modify a subpoena duces tecum to third parties' bank; motions to limit the scope of examination and production of documents; and a motion for protective and quashal orders to custodians of records. Wife had also successfully resisted third parties' motion for judgment on the pleadings and two writ petitions to this court, one challenging the coordination order and the other attacking the order overruling their demurrer to wife's complaint for joinder.

The trial court found wife had incurred $117,400 in attorneys' fees responding to third parties' unsuccessful procedural maneuvers. The trial court awarded wife $100,000 in attorneys' fees for which partnership and corporation were to be jointly and severally liable. It also awarded wife $100,000 in fees from husband.

Following a trial, the trial court found that corporation was the alter ego of husband, his brothers, and the partnership, "but the doctrine of alter ego will not be necessary to protect petitioner's community interest in [corporation] and/or [partnership]." The court concluded wife owned no community property interest in the 23 parcels of real property; rather, she held

title to the parcels in a resulting trust in favor of the partnership. Judgment was entered in accordance with these views. With respect to third parties, only the $100,000 pendente lite attorney fee award is at issue in this proceeding.[2]

I

DISCUSSION OF THE ATTORNEY FEE AWARD

*Pendente lite attorneys' fees were properly awarded under section 4370*

Third parties argue the trial court erred in ordering them to pay wife $100,000 in pendente lite attorneys' fees pursuant to section 4370. For reasons that follow, we cannot agree.

A

*Section 4370 authorizes an award of attorneys' fees before judgment*

Third parties first contend this court should construe section 4370 to permit attorney fee awards against nonspouse third parties only when the party requesting fees has prevailed in the outcome of the litigation. We cannot do so.

"In construing a statute 'we begin with the fundamental rule that a court "should ascertain the intent of the Legislature so as to effectuate the purpose of the law.'" [Citations.] 'An equally basic rule of statutory construction is, however, that courts are bound to give effect to statutes according to the usual, ordinary import of the language employed in framing them.' [Citations.] Although a court may properly rely on extrinsic aids, it should first turn to the words of the statute to determine the intent of the Legislature. [Citations.] 'If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history.' [Citations.]" (*California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692,

---

[2]The appeal is from the order awarding pendente lite fees. (See *In re Marriage of Skelley* (1976) 18 Cal.3d 365, 368 [134 Cal.Rptr. 197, 556 P.2d 297].) We permitted third parties to augment the record with the statement of decision and judgment entered after trial. However, no appeal from that judgment is before us. We assume for purposes of argument the judgment entered May 6, 1986, is correct. This assumption shall not preclude either party from pursuing an appeal from the judgment.

698 [170 Cal.Rptr. 817, 621 P.2d 856]; cf. *Regents of University of California* v. *Public Employment Relations Bd.* (1986) 41 Cal.3d 601, 607 [224 Cal.Rptr. 631, 715 P.2d 590].)

Section 4370 unequivocally declares who is subject to a fee award: it provides "the court may order *any party, except a governmental entity,* to pay such amount as may be reasonably necessary . . . ." (Italics added.) This language is not reasonably susceptible to a distinction between spouses, on the one hand, and nonspouse parties, on the other. "It is plain from the face of the statute that . . . fees and costs can be assessed against *any* party, regardless of the payor's relationship to the payee." (*In re Marriage of Newport* (1984) 154 Cal.App.3d 915, 918 [201 Cal.Rptr. 647], original italics.)

Section 4370 also says an award may be made "During the pendency of any proceeding under this part, . . ." "During the pendency" means while the proceeding is ongoing and necessarily includes the period before any party prevails in the litigation. Section 4370 further provides the award may be modified "from time to time and before entry of judgment." Thus the statute's terms unmistakably authorize fee awards long before any party finally prevails in the litigation.[3]

■ Moreover, a statute must be construed in context, considering its nature and obvious purpose. (*People* v. *Municipal Court (Gonzales)* (1982) 137 Cal.App.3d 114, 117 [186 Cal.Rptr. 716]; *Sanchez* v. *Alexis* (1982) 131 Cal.App.3d 709, 715 [182 Cal.Rptr. 593].) ■ The obvious purpose of section 4370 is to provide one of the parties with funds reasonably required to litigate the controversy. (*In re Marriage of Sullivan* (1984) 37 Cal.3d 762, 768 [209 Cal.Rptr. 354, 691 P.2d 1020].) This purpose would be frustrated if the statute were somehow interpreted to permit the fee award only after the litigation had concluded and one party had prevailed. Therefore, we may not construe section 4370 as third parties suggest to permit attorney fee awards against nonspouses only when the requesting party has prevailed in the outcome of the litigation.

---

[3]This is, of course, in stark contrast to proceedings under attorneys' fee statutes such as Code of Civil Procedure section 1021.5, where "'the court's decision of entitlement to fees will . . . require an inquiry separate from the decision on the merits—an inquiry that cannot even commence until one party has "prevailed".'" (*Serrano* v. *Unruh* (1982) 32 Cal.3d 621, 637 [186 Cal.Rptr. 754, 652 P.2d 985], quoting *White* v. *New Hampshire Dept. of Empl. Sec.* (1982) 455 U.S. 445, 451 [71 L.Ed.2d 325, 331, 102 S.Ct. 1162].)

B

*Section 4370 does not condition an award of attorneys' fees upon the "stubborn opposition" of a party to jurisdiction*

■ Third parties also contend section 4370 was intended to reach only those third parties who "stubbornly resist" the family law court's jurisdiction. We conclude that although the stubborn resistance of pension plans motivated the 1981 amendment of section 4370, the Legislature did not so limit the statute by the enacted language. Consequently, we shall not limit the reach of the statute as third parties suggest.

Before its 1981 amendment (Stats. 1981, ch. 715, § 1, p. 2816) section 4370 provided in pertinent part, "(a) During the pendency of any proceeding under this part [the Family Law Act], the court may order *the husband or wife, or father or mother,* as the case may be, to pay such amount as may be reasonably necessary for the cost of maintaining or defending the proceeding and for attorneys' fees; and from time to time and before entry of judgment, the court may augment or modify the original award for costs and attorneys' fees as may be reasonably necessary for the prosecution or defense of the proceeding or any proceeding related thereto." (Former § 4370, Stats. 1970, ch. 311, § 1, p. 705, italics added; *In re Marriage of Reyes* (1979) 97 Cal.App.3d 876, 878 [159 Cal.Rptr. 84].)[4] The attorneys' fee award was justified as merely a component of the duty to support a spouse or child. (See *In re Marriage of Newport, supra,* 154 Cal.App.3d at p. 922 (conc. opn. of Crosby, J.); *In re Marriage of Pallesi* (1977) 73 Cal.App.3d 424, 427 [140 Cal.Rptr. 842].)[5]

In *In re Marriage of Reyes, supra,* the wife in a marital dissolution proceeding joined as a party a pension fund to which her husband was a contributor. (97 Cal.App.3d at p. 878.) The trial court ordered the fund to pay wife her community property share of the pension benefits as they fell due. Subsequently the wife asked the trial court to assess attorneys' fees against the fund; the trial court declined and the wife appealed. (*Ibid.*) On appeal the wife contended former section 4370 should be construed to authorize a trial court to order *any party* in a dissolution proceeding to pay attorneys' fees. The court rejected the wife's contention, noting that under former section 4370 the trial court could order fee payments only from the

---

[4]Section 4380, when enacted as part of the Family Law Act in 1970, was declaratory of existing law. (Stats. 1970, ch. 311, § 15, p. 706.)

[5]We need not consider the continued viability of this justification as between spouses. (See *In re Marriage of Newport, supra,* 154 Cal.App.3d at pp. 917-923.) It is sufficient for our purpose to note that this justification has not been applied as between a spouse and a third party.

husband or wife or father or mother. (*Id.*, at pp. 878-880.) The court noted that the Legislature in 1978 authorized joinder of pension plans in marital dissolution proceedings and stated it would be a logical step for the Legislature to authorize attorneys' fee awards against such parties. However, the court said "the Legislature has not done so, . . ." (*Id.*, at pp. 879-880.)

In 1981 the Legislature amended section 4370 to enact the interpretation urged by the wife in *Reyes.* (Stats. 1981, ch. 715, § 1, p. 2816.)[6] The amendment provided in pertinent part that "the court may order any party, except a governmental entity, to pay such amount as may be reasonably necessary for the cost of maintaining or defending the proceeding and for attorneys' fees; . . ." (*Ibid.*)

An analysis by the Assembly Judiciary Committee staff notes, "The State Bar claims that many employee pension benefit plans have resisted the jurisdiction of the California courts in attempting to resolve pension rights between parties to a dissolution, resulting in hardship to the marital parties."[7] Thus, it appears the recalcitrance of pension plans was *a motive* for the amendment of section 4370. However, while concerns over pension plans apparently motivated the 1981 amendment to section 4370, there is nothing in the language of the statute to suggest its effect was to be limited to pension plans or entities which "stubbornly resist" being brought into the litigation. The ascertainment of legislative meaning necessarily focuses on the enacted statute and not on an unenacted expression of legislative will, however reliable. (*In-Home Supportive Services* v. *Workers' Comp. Appeals Bd.* (1984) 152 Cal.App.3d 720, 734, fn. 15 [199 Cal.Rptr. 697].) Third parties are not beyond section 4370's reach.

---

[6]Third parties request us to take judicial notice of documents allegedly revealing the Legislature's intent in adopting the 1981 amendment to section 4370. These materials include the assembly committee's report, the floor statement of the sponsoring legislator, and two documents from the sponsoring entity, the State Bar of California. One is an "analysis," the ultimate use of which is unknown. The other is a letter to the Governor. We decline to consider the latter two as they are not cognizable indicia of legislative intent. (*California Teachers Assn.* v. *San Diego Community College Dist., supra,* 28 Cal.3d at pp. 699-700; see *San Mateo City School Dist.* v. *Public Employment Relations Bd.* (1983) 33 Cal.3d 850, 863 [191 Cal.Rptr. 800, 663 P.2d 523]; *Regents of University of California* v. *Public Employment Relations Bd., supra,* 41 Cal.3d at p. 609, fn. 7.) We take judicial notice of the first two documents. (Evid. Code, §§ 452, subd. (c); 459, subd. (a).)

[7]Section 4370 was amended in 1984 in ways not here pertinent. (Stats. 1984, ch. 359, § 1.) In 1985 the Legislature enacted new section 4370.5, operative January 1, 1986. (Stats. 1985, ch. 362, § 1.) The new statute provides in pertinent part that an award under section 4370 may be made only where it is just and reasonable under the circumstances of the respective parties. Section 4370.5 was not in place at the time of the hearing and the trial court did not consider any of its factors. We do not consider the effect of section 4370.5, if any, which its enactment may have upon the interpretation or application of section 4370.

## C

*The trial court had subject matter jurisdiction to make an award of fees*

 Third parties also assert that the trial court had subject matter jurisdiction to award fees to wife only at the conclusion of the litigation in the event she had prevailed.[8] They argue her joinder complaint was premised upon their possession of community property. They contend that since it was ultimately shown they did not possess community property, the trial court was without subject matter jurisdiction of the dispute and therefore could not award pendente lite fees. We conclude the argument lacks merit.

Subject matter jurisdiction is the "power to hear or determine the case." (*Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 288 [109 P.2d 942, 132 A.L.R. 715].) Subject matter jurisdiction here is authorized by various statutes. Section 4351 provides in pertinent part that in a marital dissolution action "the superior court has jurisdiction to inquire into and render any judgment and make such orders as are appropriate concerning . . . the settlement of the property rights of the parties . . . ." Section 4363 allows joinder as a party of "a person who claims an interest in a proceeding under this part . . . ." Section 4370 obviously allows the court to award fees against a third party joined in the dissolution action.

"Where jurisdiction of a California court depends on the . . . type of proceeding, the plaintiff's complaint (particularly the prayer) is usually determinative." (2 Witkin, Cal. Procedure (3d ed. 1985) § 11, p. 376; see *Silverman* v. *Greenberg* (1938) 12 Cal.2d 252, 254 [83 P.2d 293]; *Gardiner* v. *Royer* (1914) 167 Cal. 238, 244 [139 P. 75]; *In re Marriage of Halpern* (1982) 133 Cal.App.3d 297, 309 [184 Cal.Rptr. 740].) "Jurisdiction of the cause attaches at the time of commencement of the action and cannot be divested by the establishment to the satisfaction of the court of a defense to the whole or any portion of the claim, whether by demurrer, or by evidence on the trial." (*Gardiner* v. *Royer, supra,* 167 Cal. at p. 244.)

Here, the court acquired subject matter jurisdiction by wife's complaint in joinder alleging third parties held and claimed property in which she had a community property interest. (§§ 4351, 4363.) Since subject matter jurisdiction was unaffected by the ultimate outcome of these claims at trial, the trial court had subject matter jurisdiction to award pendente lite attorneys' fees. (§ 4370; see *In re Marriage of Halpern, supra,* 133 Cal.App.3d at pp. 309-310.)

---

[8]Third parties also assert the lack of jurisdiction denied them "due process." Since we conclude subject matter jurisdiction was present, there was no violation of any due process guarantee.

## D

*Section 4370 was constitutionally applied in this case*

1. *Third parties have made no facial challenge to the statute.*

Third parties contend section 4370 authorized the taking of their property in violation of constitutional guarantees of substantive and procedural due process of law.[9]

In general, a citizen with standing (see *Willadsen* v. *Justice Court* (1983) 139 Cal.App.3d 171, 178 [188 Cal.Rptr. 488]), who thinks a statute violates constitutional rights, has different methods of challenge at his or her disposal.

First, the citizen can try to show a statute is unconstitutional "on its face." (See *Pacific Legal Foundation* v. *Brown* (1981) 29 Cal.3d 168, 180 [172 Cal.Rptr. 487, 624 P.2d 1215].)

■ "When a statute is attacked as unconstitutional on its face, the attacker 'cannot prevail by suggesting that in some future hypothetical situation constitutional problems may possibly arise as to the particular application of the statute'; instead, the challenger 'must demonstrate that the act's provisions inevitably pose a *present* total and fatal conflict with applicable constitutional prohibitions.' (*Pacific Legal Foundation* v. *Brown* (1981) 29 Cal.3d 168, 180-181 [172 Cal.Rptr. 487, 624 P.2d 1215] [original italics deleted, italics added]; see *County of Nevada* v. *MacMillen* (1974) 11 Cal.3d 662, 674 [114 Cal.Rptr. 345, 522 P.2d 1345]; 1 Sutherland, *Statutory Construction, op. cit. supra,* § 2.06, at p. 22.)" (*People* v. *Harris* (1985) 165 Cal.App.3d 1246, 1255 [212 Cal.Rptr. 216].) These formidable rules insulating a statute from facial attack are understandable in light of the severe remedy for a successful facial challenge: invalidation of the statute in whole or in part. (See, e.g., *Metromedia, Inc.* v. *San Diego* (1981) 453 U.S. 490, 521 [69 L.Ed.2d 800, 823, 101 S.Ct. 2882]; *In re Misener* (1985) 38 Cal.3d 543, 546 [213 Cal.Rptr. 569, 698 P.2d 637]; *Metromedia, Inc.* v. *City of San Diego* (1982) 32 Cal.3d 180, 191 [185 Cal.Rptr. 260, 649 P.2d 902].)

Thus, a statute is not facially unconstitutional simply because it may not be constitutionally applied to some persons or circumstances; at a minimum,

---

[9]The Fourteenth Amendment to the Constitution of the United States provides in pertinent part, "[N]or shall any State deprive any person of . . . property, without due process of law; . . . ." Article I, section 7, subdivision (a), of the California Constitution provides in pertinent part: "A person may not be deprived of . . . property without due process of law . . . ."

its unlawful applications must be substantial and real when judged in relation to the statute's plainly legitimate sweep. (*Broadrick* v. *Oklahoma* (1973) 413 U.S. 601, 615-616 [37 L.Ed.2d 830, 842, 93 S.Ct. 2908]; *County of Nevada* v. *MacMillen* (1974) 11 Cal.3d 662, 672 [114 Cal.Rptr. 345, 522 P.2d 1345].) Indeed, it has been said that a statute will be upheld against facial attack if an appellate court can conceive of a situation in which the statute could be applied without entailing an inevitable collision with, and transgression of, constitutional provisions. (*People* v. *Harris, supra,* 165 Cal.App.3d at pp. 1255-1256.) Unless a statute facially tenders a present total conflict with constitutional provisions, any overbreadth in a statute is ordinarily cured through case-by-case analysis of the fact situations to which the statute is applied. (*County of Nevada* v. *MacMillen, supra,* 11 Cal.3d at p. 672.) However, an exception to this latter rule has been recognized for statutes imposing criminal liability or impinging upon constitutional rights (usually of free speech). (See *Mulkey* v. *Reitman* (1966) 64 Cal.2d 529, 543-544 [50 Cal.Rptr. 881, 413 P.2d 825].) Statutes of this latter variety may be declared invalid in their entirety if piecemeal adjudication of the legality of the statute would entail the vague or uncertain future application of the statute, thereby inhibiting the exercise of constitutional rights. (*Ibid.;* see Tribe, American Constitutional Law (1978) §§ 12-24, 12-25, pp. 710-714.)[10]

Although the nature of third parties' constitutional claims could be clearer, third parties have never tendered a coherent challenge to section 4370 on its face. They have never sought invalidation of the statute. Third parties

---

[10]"[A]lmost every law, such as the ordinary trespass ordinance reviewed in *Marsh* v. *Alabama* [(1946) 326 U.S. 501 (90 L.Ed. 265, 66 S.Ct. 276)], is potentially applicable to constitutionally protected acts; that danger is not ordinarily thought to invalidate the law as such but merely to invalidate its enforcement against protected activity. A plausible challenge to a law as *void for overbreadth* can be made only when (1) the protected activity is a significant part of the law's target, and (2) there exists no satisfactory way of severing the law's constitutional from its unconstitutional applications so as to excise the latter clearly in a single step from the law's reach. [¶] In laws having these two characteristics, the usual approach of constitutional adjudication—gradually cutting away the unconstitutional aspects of a statute by invalidating its improper applications case by case—does not respond sufficiently to the peculiarly vulnerable character of activities protected by the first amendment. For an 'overbroad' law of the sort described here 'hangs over [people's] heads like a Sword of Damocles.' [*Arnett* v. *Kennedy* (1974) 416 U.S. 134, 231 (40 L.Ed.2d 15, 77, 94 S.Ct. 1633) (Marshall, J., dissenting).] That judges will ultimately rescue those whose conduct in retrospect is held protected is not enough, 'for the value of a sword of Damocles is that it hangs—not that it drops.' [*Ibid.*] The resulting deterrent to protected speech is not effectively removed if 'the contours of regulation would have to be hammered out case-by-case—and tested only by those hardy enough to risk criminal prosecution [or other sanctions] to determine the proper scope of regulation.' [*Dombrowski* v. *Pfister* (1965) 380 U.S. 479 (14 L.Ed.2d 22, 85 S.Ct. 1116) (Brennan, J.).] The only solution, then, is to strike down such an overbroad law altogether until it is rewritten or until an appropriate court authoritatively narrows it." (Tribe, *op. cit. supra,* § 12-24, p. 711, fns. omitted; see Note, *The First Amendment Overbreadth Doctrine* (1970) 83 Harv.L.Rev. 844.)

implicitly concede that section 4370 may constitutionally govern the payment of attorneys' fees from one spouse to another. They expressly admit the statute can be constitutionally applied to allow a spouse to recover pendente lite attorneys' fees against an unrelated third party where the spouse shows two things: (1) that the spouse would be substantially prejudiced in the prosecution of his or her case in the absence of a pendente lite award of attorneys' fees and (2) the spouse seeking the fees is reasonably likely to prevail on his or her claims against the third party.

Third parties' contention is that they were unfairly made to pay wife's fees solely on the ground they had an ability to pay and without requiring wife to make any showing of the likelihood of her ultimate success on the merits. In short, third parties contest the *application* of section 4370 to them in the circumstances of this case. Absent a coherent argument on the question, we will not on our own motion undertake an analysis of the facial constitutionality of section 4370.

The nature of third parties' claim serves to circumscribe our discussion. In the absence of a facial attack on section 4370, we have no occasion to construe the statute generally nor to consider possible applications other than the one at issue here. Thus, for example, since the trial court in this case awarded attorneys' fees as compensation to wife's attorneys for services already rendered, we have no occasion to consider circumstances that may justify an award of fees for services to be rendered in the future.

2. *Application of section 4370 to third parties did not violate their rights to substantive due process.*

Where a statute is not vulnerable to facial constitutional attack, a citizen may still contend the operation of the statute violates constitutional rights. "A statute valid on its face may be unconstitutionally applied. [Citations.]" (*People* v. *Wingo* (1975) 14 Cal.3d 169, 180 [121 Cal.Rptr. 97, 534 P.2d 1001]; *People* v. *Schueren* (1973) 10 Cal.3d 553, 561 [111 Cal.Rptr. 129, 516 P.2d 833].) "The claimed unconstitutionality may arise out of the application of the statute to a particular individual or class of individuals. [Citations.]" (*In re Spinks* (1967) 253 Cal.App.2d 748, 751 [61 Cal.Rptr. 743].) "Sometimes it is said of a statute which is not void 'on its face' that it nevertheless is invalid as applied. This is a malapropism, however, for a provision which is only invalid as applied in the facts of a particular case is possibly capable of valid application in another fact situation. In reality, it is only the implementing action which purports to apply the legislation and not the provision itself which is invalid in such cases." (1 Sutherland, Statutory Construction (Sands, 4th ed. 1985) § 2.06, pp. 31-32, fn. omitted.) Where *application* of a statute is successfully challenged on consti-

tutional grounds, the usual remedy is an order to officials charged with enforcement of the statute to refrain from its unlawful application; the statute itself remains intact and may be applied in other situations where the Constitution is not offended. (See, e.g., *Hale* v. *Morgan* (1978) 22 Cal.3d 388, 404-405 [149 Cal.Rptr. 375, 584 P.2d 512], *Choudhry* v. *Free* (1976) 17 Cal.3d 660, 669 [131 Cal.Rptr. 654, 552 P.2d 438]; *Castro* v. *State of California* (1970) 2 Cal.3d 223, 225, 243 [85 Cal.Rptr. 20, 466 P.2d 244].)

Third parties assert that application of section 4370 to them was arbitrary, oppressive and unfair, in violation of their constitutional rights to substantive due process of law. (See, e.g., *Hale* v. *Morgan, supra,* 22 Cal.3d at pp. 399, 404-405.) However, for reasons that follow, we shall conclude application of section 4370 to third parties was reasonably related to a proper legislative goal, was fundamentally fair, and did not violate the constitutional rights of third parties.

■ The due process clauses of the state and federal Constitutions, in their "substantive" aspect, provide checks on the government's power to act unfairly or oppressively. (*Id.,* at p. 398.) Unless application of a statute impinges upon "fundamental rights," the initial question posed by a substantive due process challenge is whether the application is procedurally fair and reasonably related to a proper legislative goal. (*Ibid.;* see also *Perkey* v. *Department of Motor Vehicles* (1986) 42 Cal.3d 185, 189 [228 Cal.Rptr. 169, 721 P.2d 50]; *Civil Service Employees Ins. Co.* v. *Superior Court* (1978) 22 Cal.3d 362, 377 [149 Cal.Rptr. 360, 584 P.2d 497].)

■ Property rights have not been classified as "fundamental rights" invoking a requirement that legislation or its application be judged by a standard of "strict scrutiny." (*Hernandez* v. *Department of Motor Vehicles* (1981) 30 Cal.3d 70, 81 [177 Cal.Rptr. 566, 634 P.2d 917].) Here, application of section 4370 required third parties to deliver their property—money—to wife. Third parties have not contended application of the statute impinged on any "fundamental rights." We conclude no "fundamental rights" of third parties are at issue here. (See *Hernandez, supra,* at p. 81.) It goes without saying that the purpose of section 4370—to provide one of the parties to a marital dissolution with an amount adequate properly to litigate the controversy (*In re Marriage of Sullivan, supra,* 37 Cal.3d at p. 768)—is a proper legislative goal. ■ We therefore ask whether, in light of the statute's valid purpose, application of the statute to third parties was reasonable and proper or arbitrary and oppressive. (*Hale* v. *Morgan, supra,* 22 Cal.3d at p. 399.)

■ Third parties' initial contention of unfairness is that they cannot be compelled to pay wife's fees without any consideration of the merits of

the dispute and simply because they had money and she did not. They correctly note that the obligation of one spouse to pay fees to the other spouse, based exclusively on monetary need, has been justified as a component of the marital obligation of support. (See *In re Marriage of Pallesi, supra,* 73 Cal.App.3d at p. 427; *Henry* v. *Henry* (1960) 182 Cal.App.2d 707, 712-713 [6 Cal.Rptr. 418].) They assert that since neither corporation nor partnership was married to wife and had no legal obligation to support her, the justification for a pendente lite fee award fails.

Whatever may be said of this argument in the abstract, it fails in this case because the record makes clear the trial court did not make third parties pay wife's fees simply because they had money and she did not. Rather, the court's fee award compensated wife's attorneys for their successful opposition to previously described motions and writ petitions initiated by third parties.

Third parties contend the trial court could not base its fee award on wife's successful opposition to these motions and petitions; they assert wife had to prevail on the merits of her claims or show a likelihood she would prevail.[11] We must disagree.

It is clear that the Legislature can constitutionally provide for the payment of litigation expenses from one party to another in appropriate circumstances before judgment. Thus, in *Civil Service Employees Ins. Co.* v. *Superior Court, supra,* 22 Cal.3d 362, our Supreme Court upheld, against a substantive due process challenge, section 1781, subdivision (d), which permits trial courts to impose class action notification costs upon class action defendants. In *Civil Service* the plaintiff had obtained a class certification that ordered the defendant to bear the initial cost, before trial, of notifying absent class members of the pendency of the litigation. (Pp. 370-374.) Pointing out that in most civil actions such notice costs are initially borne by the plaintiff, the defendant argued the trial court's order violated due process by requiring it to finance a lawsuit against itself. (P. 374.)

Our Supreme Court disagreed, concluding an award of costs could be made before final judgment: "Although defendant vigorously contends that it is unconscionable to require a defendant 'to finance' a lawsuit against itself, we know of no principle of law that precludes the state from providing for a division or shifting of litigation costs, prior to judgment, to effectuate legitimate public policies. Indeed, notwithstanding defendant's protesta-

---

[11]For present purposes, we shall assume for purposes of argument that wife did not prevail against corporation even though the court found it was the alter ego of husband, his brothers, and partnership.

tions, the instant order is by no means unusual in requiring a defendant, prior to judgment, to bear some litigation expenses which may aid the plaintiff's lawsuit." (*Id.*, at p. 378, fn. omitted.)

Here, it is immaterial that wife did not show she would ultimately prevail in the outcome of the litigation nor that she did not, in fact, prevail following trial. Given the fact that wife held record title to the 23 parcels of real property[12] and that the trial court ultimately sustained her alter ego claim, wife's claims against third parties were not specious. By limiting its consideration to motions and writ petitions third parties actually made and lost, the trial court looked only to matters for which it was reasonable for wife to mount a defense. Because wife won on each of those matters, she prevailed on them as a matter of law. Although we shall assume third parties pursued their motions and writ petitions in good faith, the fact remains they lost. They have not challenged these rulings on this appeal and we must presume they were correct. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 268, p. 276.) It has therefore been conclusively determined that third parties had no right to try to block wife's prosecution of her lawsuit in the ways they did, and this is so regardless of whether she ultimately prevailed at trial. With respect to each proceeding for which fees were awarded, third parties' assessment of their legal position was erroneous. Their errors caused wife to incur fees; the causal relationship between their errors and wife's fees, in and of itself, provides a sufficient constitutional ground of fairness to justify requiring third parties to compensate wife for fees reasonably incurred. (See §§ 3520, 3523.)

Nor is it material that third parties filed some motions (upon which fees were predicated) before they were joined in the dissolution action by wife. Section 4370 provides that "Attorneys' fees and costs within the provisions of this subdivision may be awarded for legal services rendered or costs incurred prior, as well as subsequent, to the commencement of the proceeding." In the circumstances shown here, we perceive no constitutional impediment to fee awards for services rendered before third parties were joined in the proceeding. The fairness rationale of the fee award is still the same: third parties caused wife to incur fees resisting their nonmeritorious maneuvers. It is immaterial that they caused her to incur these fees before they were joined as parties.

We hold substantive due process was satisfied by wife's showing she had prevailed on the matters for which the fees were awarded. The application

---

[12]Because the 23 parcels were acquired by instruments expressly creating a community property interest or referring to the grantees as "husband and wife," the parcels were presumptively community property. (§ 5110.)

of section 4370 to third parties was neither unreasonable nor oppressive. (*Civil Service Employees Ins. Co.* v. *Superior Court, supra,* 22 Cal.3d at pp. 378-379.) There was no error.

E

*Third parties were not denied their rights to procedural due process of law*

▊ Third parties also contend the trial court denied them their constitutional rights to *procedural* due process of law. They assert the question of wife's entitlement to attorneys' fees was unfairly adjudicated in that the trial court allegedly denied their request for a hearing at which they could show wife's claims were wholly without merit. Assuming for purposes of argument the inquiry would have been material, the short answer to this contention is it finds no support in the record. As we recount more fully in the margin, third parties were given every opportunity to present their legal and factual response to wife's motion.[13] The rights of third parties to procedural due process of law were not violated.

F

*The trial court did not abuse its discretion in awarding fees*

▊ Third parties contend the trial court's fee award was an abuse of discretion. An award of attorneys' fees and costs in a marital dissolution

[13]Wife first requested pendente lite attorneys' fees from third parties at a hearing on June 7, 1984, at which the question of attorneys fees from husband was at issue. Third parties objected that they had received no prior notice of motion. After a lunch recess, third parties agreed to waive formal notice of motion provided they could file declarations and points and authorities in response to wife's showing. The trial court responded, "Fine with the Court. Whatever you want to file. Law, facts, anything you want." Third parties were given until June 21 to file their papers, and wife was given until June 29 to respond.

On June 21, third parties filed a memorandum of points and authorities in opposition to wife's motion but filed no declarations or affidavits. Wife filed a declaration on June 29 and the matter was heard on July 2. At the hearing, third parties asked leave to file a declaration responding to wife's declaration of June 29. The court granted third parties two weeks until July 16 to file their declaration as requested. However, later in the hearing, third parties expressly withdrew their request to file additional declarations and agreed the matter could be submitted on the papers filed, provided they were allowed additional argument the next day, July 3. On the next day, July 3, in the course of oral argument third parties' counsel stated in passing, "And if the Court really thinks that the petitioner is desperate for money and we have to worry about the money, then we can have a hearing and an opportunity to show whether or not she has any evidence to support these specious claims of hers." That passing remark does not constitute a request for a hearing.

The record therefore makes clear that, at every turn, the trial court acceded to third parties' requests for continuances or for leave to file evidentiary matters. The truth is that third parties, for whatever reasons, either failed to file evidentiary opposition or expressly waived their requests for continuances.

Third parties' rights to procedural due process were not violated.

action is within the sound discretion of the trial court and will not be disturbed on appeal in the absence of a clear showing of abuse. (*In re Marriage of Sullivan, supra,* 37 Cal.3d at pp. 768-769.)

Here the trial court expressly found wife had a need for fees. The court noted it was the third trial court hearing this matter to so find. Wife presented evidence of the fees she had incurred resisting third parties' maneuvers. The court had before it evidence showing third parties clearly had the ability to pay. Since third parties presented no evidence in opposition to wife's motion, there was plainly no abuse of discretion in the award of fees. (*Ibid.*)

II*

DISCUSSION OF THE SPOUSAL SUPPORT ORDER

. . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The orders appealed from are affirmed. Respondent Gail S. Siller is awarded her costs on appeal, the same to be paid one-third by respondent and appellant Charles W. Siller and two-thirds by claimants and appellants Siller Bros., Inc., and Siller Bros., a partnership.

Evans, Acting P. J., and Sparks, J., concurred.

A petition for a rehearing was denied December 8, 1986, and appellants' petition for review by the Supreme Court was denied February 5, 1987.

---

*See footnote, *ante*, page 36.