[No. C010865. Third Dist. June 10, 1992.]

MARK TODD HELMANDOLLAR et al., Plaintiffs and Appellants, v. DEPARTMENT OF MOTOR VEHICLES, Defendant and Respondent.

**COUNSEL**

Pacheco & Pacheco and Charles A. Pacheco for Plaintiffs and Appellants.

Daniel E. Lungren, Attorney General, Cathy A. Neff and Brian Taugher, Deputy Attorneys General, for Defendant and Respondent.

**OPINION**

**NICHOLSON, J.**—After they crashed into one another's car, plaintiffs Mark Todd Helmandollar and Almon Smith were charged with, among other things, driving under the influence of alcohol (Veh. Code, § 23152, subd.

(a))[1] and driving with a blood-alcohol level of .08 percent or more (§ 23152, subd. (b)). The Department of Motor Vehicles (DMV) immediately suspended both drivers' licenses pursuant to section 13353.2, subdivision (a), which provides: "The department shall immediately suspend the privilege of any person to operate a motor vehicle if the person was driving or was in actual physical control of a motor vehicle when the person had 0.08 percent or more, by weight, of alcohol in his or her blood."

Ultimately, pursuant to a comprehensive dispositional agreement, the municipal court acquitted plaintiffs of driving with a blood-alcohol level of .08 percent or more,[2] and plaintiffs pled no contest to one count of alcohol-related reckless driving. (§ 23103.5.) Plaintiffs then attempted and failed to persuade DMV to restore their drivers' licenses. Thereafter, they filed a petition for writ of mandate in the superior court, seeking to compel DMV to do so. They asserted section 13353.2, subdivision (e), required DMV to reinstate the license of anyone "acquitted of criminal charges relating to a determination of facts under subdivision (a)," i.e., driving with a blood-alcohol level of .08 percent or more. The superior court denied their petition. Plaintiffs appeal.

The sole issue presented on appeal is whether an acquittal on a charge of driving with a blood-alcohol level of .08 percent or more mandates reinstatement of a driver's license earlier suspended pursuant to section 13353.2. We conclude it does and reverse the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Although the transcript of the criminal proceedings is not part of the record on appeal, the parties outlined the following factual background at the hearing on plaintiffs' writ petition: Plaintiffs are coemployees who went drinking after work. Within five minutes of leaving the bar and getting into their cars, they crashed into one another. A third party called the police approximately one hour later. After another 30 minutes to an hour, the police arrived and administered breath tests. Both men registered a blood-alcohol level of .12 percent, and police officers gave them suspension notices pursuant to section 13353.2, which mandates the suspension of a driver's license when the operator of a vehicle has a blood-alcohol level of .08 percent or more.

Plaintiffs were charged with, among other things, driving under the influence (§ 23152, subd. (a)) and driving with a blood-alcohol level of .08

---

[1] All statutory references are to the Vehicle Code unless otherwise indicated.

[2] It is unclear from the record before us whether this acquittal was part of the plea bargain.

percent or more (§ 23152, subd. (b)). Apparently, the prosecution perceived the evidence to be consistent with a rising blood-alcohol level and felt unable to establish plaintiffs had a blood-alcohol level of .08 percent at the time of the accident. Plaintiffs each waived jury on the allegation of driving with a blood-alcohol level of .08 percent or more (§ 23152, subd. (b)), and submitted themselves to the municipal court "on stipulation." The municipal court found plaintiffs not guilty of driving with a blood-alcohol level of .08 percent or more, but convicted them of driving at an excessive speed for conditions. (§ 22350.) The prosecutor amended the charge of driving under the influence of alcohol (§ 23152, subd. (a)) to alcohol-related reckless driving (§ 23103.5), and plaintiffs each entered a plea of nolo contendere to the charges as amended.

Based on their acquittals of driving with a blood-alcohol level of .08 percent or more, plaintiffs attempted to regain their driving privileges. They relied on section 13353.2, subdivision (e), which provides in relevant part: "If a person is acquitted of criminal charges relating to a determination of facts under subdivision (a) [i.e., driving with a blood-alcohol level of .08 percent or more], the department shall immediately reinstate the person's privilege to operate a motor vehicle if the department has suspended it administratively pursuant to subdivision (a), . . ."

Because they were convicted on the alcohol-related reckless driving charge, DMV refused to reinstate plaintiffs' licenses by asserting they were not acquitted of *all* the criminal charges involved in this incident. Plaintiffs filed a petition for a writ of mandate seeking to compel DMV to reinstate their licenses. They argued they were acquitted of driving with a blood-alcohol level of .08 percent or more, the initial and sole basis for their license suspension, and, therefore, their licenses must be reinstated. The People responded that reinstatement is proper only when there is an acquittal on *all* charges, not when a plea bargain is struck. The trial court denied the petition, and this appeal followed.

### DISCUSSION

Plaintiffs contend their acquittal on charges of violating section 23152, subdivision (b), driving with a blood-alcohol level of .08 percent or more, entitles them to reinstatement of their drivers' licenses. We agree.

" ' "The fundamental rule of statutory construction is that the court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. [Citations.]" ' [Citation.] In determining such intent, the court turns first to the words of the statute. [Citation.] '[W]here . . . the language is clear, there can be no room for interpretation.' [Citation.]" (*Regents of*

*University of California* v. *Public Employment Relations Bd.* (1986) 41 Cal.3d 601, 607 [224 Cal.Rptr. 631, 715 P.2d 590].) Courts are bound to give effect to statutes according to the usual, ordinary meaning of the language employed. (*In re Marriage of Siller* (1986) 187 Cal.App.3d 36, 43 [231 Cal.Rptr. 757].)

With these principles in mind, we turn to the statutes at issue. Section 13353.2, subdivision (a), requires DMV to suspend an individual's driver's license "if the person was driving or was in actual physical control of a motor vehicle when the person had 0.08 percent or more, by weight, of alcohol in his or her blood." Subdivision (e) of the same statute provides: "If a person is acquitted of criminal charges relating to a determination of facts under subdivision (a), the department shall immediately reinstate the person's privilege to operate a motor vehicle if the department has suspended it administratively pursuant to subdivision (a), . . ."

The language of section 13353.2, subdivision (a) is clear and unambiguous. The statute authorizes the suspension of an individual's driver's license in a lone situation, namely, when a person with a blood-alcohol level of .08 percent or more drives or is in physical control of a motor vehicle. Subdivision (e) of section 13353.2 is equally clear: if a person is acquitted of charges "relating to a determination of facts under subdivision (a)," reinstatement of that individual's driver's license is required.

Here, plaintiffs were acquitted of driving with a blood-alcohol level of .08 percent or more. Pursuant to section 13353.2, subdivision (e), this verdict was an acquittal "of criminal charges relating to a determination of facts under subdivision (a)." They were therefore entitled to have their drivers' licenses reinstated.

The People assert plaintiffs' pleas of nolo contendere to alcohol-related reckless driving do not meet the condition precedent to restoration of driving privileges, namely, an acquittal on all criminal charges relating to this incident. This assertion misses the point. Section 13353.2, subdivision (a), does not mandate the suspension of driving privileges for anyone convicted of "driving under the influence." Rather, the statute singularly focuses on but one offense, driving, or physically controlling a motor vehicle, with a blood-alcohol level of .08 percent or more. As the People observe, when enacting section 13353.2, the Legislature explicitly stated: "The Legislature finds and declares that the purpose of this act is to do all of the following: [¶] (a) To provide safety for all persons using the highways of this state by quickly suspending the driving privilege of those persons who have shown themselves to be safety hazards by *driving with an excessive concentration of alcohol in their bodies*." (Italics added, Stats. 1989, ch. 1460, § 1.)

Although couched in the plural term, "charges," section 13353.2 manifestly and exclusively applies to a sole category of offender, one who drives,

or is in physical control of a vehicle, with a blood-alcohol level of .08 percent or more. Given the limited scope of the statute, we conclude an acquittal on a charge that an individual drove, or was in physical control of a motor vehicle, with a blood-alcohol level of .08 percent or more is an acquittal "of criminal charges relating to a determination of facts under subdivision (a)," thus requiring DMV to reinstate the individual's driving privileges.

While we recognize the severity of the numerous, dangerous, and deadly risks associated with drinking and driving, we may do no more than apply the law as written. If, on reflection, the Legislature intended a different result, it may amend the law and say so. As it is now written, however, we are compelled to decide as we do. Even so, we emphasize our ruling is limited to but one situation: when an individual receives an early administrative suspension of driving privileges (§ 13353.2, subd. (a)), and is thereafter acquitted of a charge of driving, or being in physical control of a vehicle, with a blood-alcohol level of .08 percent or more (§ 23152, subd. (b)), DMV must restore that individual's driving privileges upon an appropriately founded and adequately documented request. Plaintiffs were thus acquitted, and are, therefore, entitled to reinstatement of their licenses.[3]

## DISPOSITION

The judgment is reversed and the trial court directed to grant plaintiffs' petition for mandate. Plaintiffs are awarded their costs on appeal.

Puglia, P. J., and Scotland, J., concurred.

Respondent's petition for review by the Supreme Court was denied September 3, 1992.

---

[3]In denying plaintiffs' petition, the trial court expressed concern, under plaintiffs' logic, a license would have to be returned to someone convicted of driving with a blood-alcohol level of .08 percent (§ 23152, subd. (b)) but acquitted of driving under the influence (DUI) (§ 23152, subd. (a)). That concern is unfounded. The predicate to regaining a license under section 13353.2 is acquittal on a charge alleging violation of section 23152, subdivision (b). Once an individual has been administratively found to have driven, or physically controlled a motor vehicle, with a blood-alcohol level of .08 percent or more, that individual's license may validly be suspended; a conviction or acquittal on simple DUI charges is immaterial for purposes of this license suspension statute.

For the same reasons we find unwarranted the People's concern that an acquittal on any DUI-related offense will entitle an individual to the reinstatement of driving privileges. Only if an individual is acquitted of driving with a blood-alcohol level of .08 percent or more will reinstatement be necessary under the terms of section 13353.2, subdivision (e).